CHEMICAL CLEANING AND EQUIPMENT
SERVICE, INC., Appellant,

v.

Dan S. WINN, Appellee.

No. 14705.

Court of Civil Appeals of Texas.

Houston.

Oct. 28, 1965.

Hayden & Pravel, B. R. Pravel, Guy E. Matthews, Houston, for appellant.

Donald L. Jones, Houston, for appellee.

WERLEIN, Justice.

Appellant appeals from an order of the trial court denying it a temporary injunction which it sought to restrain appellee from accepting employment with another party in violation of an alleged employment contract with appellant dated August 1, 1964.

The appeal is before us without a statement of facts, and without any findings of fact or conclusions of law by the trial court. The pertinent part of the order of the court appealed from, which fails to show the year it was entered, reads as follows:

"On the 27th day of July came on to be heard Plaintiff's Petition for Temporary Injunction and the Court having considered Plaintiff's Petition wherein the facts are undisputed that Defendant Dan S. Winn had signed an employment agreement with Plaintiff on August 1, 1964 in which he agreed that upon termination of employment with Plaintiff, he would not accept employment with any competitor of Plaintiff or its subsidiaries for eighteen (18) months in the area in which Defendant represented Plaintiff for the twelve (12) months preceding termination of employment; and that Defendant terminated employment with Plaintiff on or about July 14, 1965 and was employed by R. L. Wilson Co., Inc., a competitor of Plaintiff, on or about July 15, 1965; and that the Court was of the opinion that a second agreement effective February 1, 1965 between Defendant and Plaintiff relating to a part-time employment arrangement terminated the agreement of August 1, 1964, and the Court having heard arguments by the attorneys for both sides, it is:

"Ordered, adjudged, and decreed that: The Temporary Injunction is denied."

Appellant's petition was filed on July 19, 1965. We shall assume, therefore, that the court's order was entered on July 27,

1965. On July 30, 1965, the court entered the following order:

"The Court being of the opinion, that all of the original exhibits in the above-entitled and numbered cause should be sent to the Appellate Court in lieu of copies because this cause is a temporary injunction matter without a statement of facts of the hearing and for expedience and simplicity it is accordingly ordered that the Clerk cause to be filed in the Court of Civil Appeals at the time of the transcript is filed, all of the original exhibits."

On August 3, 1965, the date the transcript was presented and filed in this Court, appellant also presented Plaintiff's Exhibits Nos. 1 and 2 and Defendant's ·Exhibit No. 1 (which is the same as Plaintiff's Exhibit No. 2), and the same were filed in this Court. There is no initialing on the exhibits to show who numbered them and there is nothing to show that they were filed in the trial court. There is no certificate by the court reporter or by the clerk of the District Court certifying to such exhibits which the clerk was ordered to file in this Court, nor is there anything to show that the exhibits which were filed in this Court on presentation by appellant were all of the original exhibits. Neither party, however, has asserted that the exhibits filed as stated are not the exhibits which the court ordered to be filed. We shall consider such exhibits although we are not in a position to determine whether they constitute all of the exhibits that were filed in the trial court. They are the only exhibits referred to in the court's order denying the temporary injunction. In addition to appellant's verified original petition and the order of the court, we have before us only what appears to be the agreement of August 1, 1964, which was signed only by appellee, and the agreement dated January·19, 1965, effective February 1, 1965, which was signed by appellee and also by R. W. Krajicek, who signed as appellant's president.

Since there is no statement of facts, and no findings of fact or conclusions of law by the court, we are not in a position to determine whether there was other evidence introduced at the hearing on the petition for temporary injunction. The court states in its order that the facts are undisputed that appellee signed an employment agreement with appellant on August 1, 1964, as hereinabove set out in the order. The court came to the conclusion that the agreement effective on February 1, 1965 terminated the agreement of August 1, 1964. There is nothing in the agreement effective February 1, 1965 to the effect that it does terminate the former agreement although it does terminate appellee's full time employment as of February 1, 1965. Since there is no statement of facts, however, we are not in a position to determine whether there was other evidence with respect to the circumstances surrounding the execution of the second agreement, nor can we determine from reading the second agreement whether it was the intention of the parties to completely cancel the first agreement. There may have been evidence which convinced the trial court that under the circumstances existing surrounding the transaction, and the interpretation placed upon the same by the parties, the second agreement did in effect terminate the first agreement and all provisions therein. Testimony concerning the circumstances surrounding the transaction and the execution of the second agreement would have been admissible in evidence, not to vary the terms of the written instruments, but to show under what conditions and circumstances they were executed and what was contemplated by the parties. Lone Star Gas Co. v. X-Ray Gas Co., 1942, 139 Tex. 546, 164 S.W.2d 504. In that case the Supreme Court said:

"If the language used in this contract is fairly susceptible of more than one interpretation, it is the duty of a court, in ascertaining the true intention of the parties to consider the subject matter of the contract and the surrounding circumstances existing when such contract was executed. Colquitt v. Eureka Producing Co., Tex.Com.App., 63 S.W. 2d 1018, supra; Lipscomb v. Fuqua, 103 Tex. 585, 131 S.W. 1061; Ryan v. Kent, Tex.Com.App., 36 S.W.2d 1007. The application of this rule is not to vary or contradict the terms of a contract, but is to aid the court in ascertaining the true intention of the parties expressed in such contract as they understood same. Colquitt v. Eureka Producing Co., supra; Ryan v. Kent, supra; Gulf Production Co. v. Spear, 125 Tex. 530, 84 S.W.2d 452; Reed v. Insurance Co., 95 U.S. 23, 24 L.Ed. 348; French v. Carhart, 1 N.Y. 96, 102; Bradley v. Washington, Alexandria & Georgetown S.-P. Co., 38 U.S. 89, 13 Pet. 89, 10 L.Ed. 72; Borden v. Patterson, 51 Tex.Civ.App. 173, 111 S. W. 182."

We note that in the Plaintiff's Exhibit No. 1, paragraph 9, the words "In a sales or sales management capacity," which are typewritten in the original typewritten agreement, have been struck out and the words "any capacity" have been substituted therefor in ink. There is nothing in the record to show when this was done, and the court in its judgment does not state whether at the time of the hearing before it the original typewritten words were in the agreement or the words that were written in ink in lieu thereof. If the original words were in the contract at the time the court heard the application for temporary injunction, then appellant would have been required to show that appellee was working in a sales or sales management capacity after he was employed by R. L. Wilson Co. We find nothing in the record showing that appellee did work in a sales or sales management capacity after he went to work for R. L. Wilson Co., Inc.

It is true that the court in denying the temporary injunction stated that it was of the opinion that the second agreement relating to a part-time employment arrange-

ment terminated the agreement of August 1, 1964. It is recited in the court's judgment that the court heard arguments by the attorneys for both sides, but the court does not undertake to set out all the evidence that was heard. It has been held in this State that a formal statement of facts is not essential where all the evidence legally and conclusively appears in the record by a bill of exceptions or by recitals in the judgment. De Garcia v. San Antonio & A. P. Ry. Co., Tex.Civ.App., 77 S.W. 275, error ref., and authorities cited. The court in the De Garcia case stated, however, "But it must conclusively appear that all, and not a part, of the facts are in the record in some form or the other." From reading the court's judgment, we are not in a position to say that it conclusively appears that all the facts and evidence heard by the court are in the record in some form or other.

█ It is the settled law of this State that an appellate court will sustain the judgment of the trial court if it is correct on any theory of law applicable to the record, regardless of whether or not the trial court gives the correct legal reason for its judgment, or gives any reason at all. Southwestern Associated Tel. Co. v. City of Dalhart, 254 S.W.2d 819, error ref., n. r. e.; Construction & General Labor Union, Local 688 v. Stephenson, 148 Tex. 434, 225 S.W.2d 958; Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73.

█ This Court is required to view all of the evidence and legitimate presumptions consistent with the record in the light most favorable to the judgment of the trial court in the exercise of its discretion in denying the temporary injunction. Southwestern Associated Tel. Co. v. City of Dalhart, supra; Bond v. Owen, Tex. Civ.App., 257 S.W.2d 833; Daniel v. Goesl, 336 S.W.2d 890, rev. on other grounds 161 Tex. 490, 341 S.W.2d 892. Moreover, the law is well settled in this State that the

granting or refusing of a temporary injunction is within the sound discretion of the trial court, and that the court's action will not be disturbed on appeal unless it clearly appears that the court has abused its discretion. Harding v. W. L. Pearson & Co., Tex.Com.App.1932, 48 S.W.2d 964; Southwestern Associated Tel. Co. v. City of Dalhart, 254 S.W.2d 819, error ref., n. r. e.; 31 Tex.Jur.2d p. 345, Injunctions, § 224, and cases cited. In view of the inadequacy of the record before us, it is impossible for this Court to state that the trial court clearly abused its discretion in refusing to grant the temporary injunction.

Judgment affirmed, Associate Justice Coleman concurring.

COLEMAN, Justice (concurring).

I concur in the decision reached in this case for the reason that in the absence of a statement of facts we are unable to say that the trial court erred in the application of settled law to the undisputed facts, and, therefore, abused his discretion. It is my opinion that in the absence of a statement of facts prepared and filed as required by Rule 377, Texas Rules of Civil Procedure, the original exhibits filed in this Court pursuant to an order of the trial court cannot be considered. Additionally, the order of the trial court authorizing his clerk to file original instruments in this Court states that the original exhibits should be filed here because the appeal concerns a temporary injunction without a statement of facts and for expedience and simplicity. Such an order is not authorized by Rule 379, T.R.C.P. McFadden v. McFadden, Tex. Civ.App., 213 S.W.2d 71; Hammett v. McIntire, Tex.Civ.App., 365 S.W.2d 844.

Since the two contracts in question were considered by the trial court and are not properly before us, we cannot disturb the decision of the trial court that the first contract was rescinded in its entirety by the second.