**Dale DODSON, Trustee and Murray Kelin, Trustee, Appellants,**

v.

**Stuart L. McCOY and Patti R. McCoy, Appellees.**

**No. 17578.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 22, 1980.

Lackshin & Nathan, Bernus Wm. Fischman, Vincent Bustamante, Houston, for appellants.

Holland, Abernathy, Tindall & Aycock, Charles L. Black Aycock, Tom M. White, Houston, for appellees.

Before EVANS, PEDEN and WARREN, JJ.

EVANS, Justice.

This is a suit to set aside and cancel a trustee's deed made pursuant to a non-judicial foreclosure sale. The plaintiffs allege that they had not been properly notified of the foreclosure sale, that the sale was conducted in a secretive manner, that the defendants had conspired to defraud them of the title to their property, and that the consideration was grossly inadequate.

In response to special issues the jury found (1) that the plaintiffs had not received timely written notice of the proposed sale but had received actual notice within the required period of time. The jury failed to find (2) that the substitute trustee

did not sell the property "at public auction", but it did find (3) that the trustee had not acted fairly and impartially in conducting the sale. The jury also found (4) that the purchase price paid for the property was. "grossly inadequate" and (5) that the trustee's failure to act impartially and fairly was a contributing factor in the low amount bid. On the basis of the jury's verdict, the trial court cancelled the trustee's deed and discharged the indebtedness and lien upon condition that the plaintiffs pay into the court's registry the amount of the purchase price received at the sale.

The plaintiffs, Stuart L. McCoy and Pattie R. McCoy, had purchased the property in question in 1971 for a total sum of $32,000, making a $17,250 cash down payment and assuming the balance due on a vendor's lien note to Equitable Life Assurance Society. The McCoys were subsequently divorced, and Mrs. McCoy and her children were awarded possession of the house. Under the terms of the decree Mr. McCoy was required to pay the mortgage installments on the premises and Mrs. McCoy was required to pay ad valorem taxes. Mrs. McCoy defaulted in the payment of taxes, and on October 11, 1978 Equitable Life Assurance Society accelerated the payment on the note and gave notice of a foreclosure sale to be held on November 7, 1978.

In their first point of error the defendants contend that the trial court erred in submitting special issue number 3 for the reason that the language of that issue is an "incorrect statement of the issue which ought to have been submitted." Under this point the defendants argue that the issue, as submitted, is too general in that it fails to inquire into specific conduct of the trustee and that issues 2 and 3 are, in effect, duplicate submissions of the same basic question. The record does not indicate that the defendants made any objection to the form of the issues as submitted and the alleged error is, therefore, deemed waived. Rule 272, Texas Rules of Civil Procedure.

In their second point of error the defendants contend that the trial court erred in failing to grant their motion for new trial because the jury's answers to special issues 2 and 3 are in fatal conflict. Under this point the defendants argue that the jury's finding that the sale was held at "public auction" necessarily presumes that it was held in a manner as to afford all potential purchasers the opportunity to bid at the sale and that such specific finding conflicts with the general finding of issue 3 that the substitute trustee failed to act fairly and impartially.

When findings appear to be in conflict the reviewing court must reconcile them if reasonably possible. *Traywick v. Goodrich,* 364 S.W.2d 190 (Tex.1964); McDonald's Texas Civil Practice Vol. 3 § 15.-06.2. There is no fatal conflict between the jury's answers to the two issues in question. It is undisputed that the purported sale was conducted in the corner of the lobby of the Harris County Courthouse at a time when some 50 to 100 people were present. There was no restriction on who could enter the lobby and participate in the sale. It was reasonable for the jury to conclude from the evidence that the sale was conducted at a "public auction." Mrs. McCoy testified that the substitute trustee did not open the bidding and conduct the sale in an audible manner, and the jury was entitled to conclude from the evidence that the sale was not fairly or impartially conducted even though held at "public auction." The second point of error is overruled.

In their third point of error the defendants contend that the trial court erred in overruling their motion for new trial because the jury acted illegally and considered matters outside the evidence in deliberating on its answers to special issues 3, 4 and 5. The defendants rely upon the testimony of the jury foreman to the effect that the jury "felt that the sale was unfair and not impartial" because people could not hear from any distance away from the substitute trustee and that if all sales were conducted in such a manner none could be considered fair and impartial. The defendants argue that this testimony reflects an improper consideration by the jury of the "system" of foreclosure sales rather than

focusing upon the conduct of the substitute trustee and the particular sale in question.

The record does not establish that the defendants met their burden of proving material jury misconduct which, from the record as a whole, probably resulted in harm. *Fountain v. Ferguson*, 441 S.W.2d 506 (Tex. 1969); *Tees v. Tees*, 546 S.W.2d 912 (Tex. Civ.App.—Houston [1st Dist.] 1977, no writ); Rule 327, Tex.R.Civ.P. The trial court found no misconduct and this court is bound by its finding. *Trousdale v. Texas and N. O. R. Co.*, 264 S.W.2d 489, 496 (Tex. Civ.App.—San Antonio 1953, aff'd, 154 Tex. 231, 276 S.W.2d 242). The defendants' third point of error is overruled.

In their fourth and fifth points of error the defendants contend that the evidence is legally insufficient to support the jury's findings in response to special issue number 3 that the substitute trustee failed to act fairly and impartially in conducting the foreclosure sale.

In reviewing these points, only that evidence will be considered which tends to support the jury's finding. *Garza v. Alviar*, 395 S.W. 821 (Tex.1965).

Mrs. McCoy testified that she was standing about 3 feet away from the substitute trustee at the time of the sale and that there were about 12 to 15 people around him at the time. She did not hear him say anything about the property and did not hear him read the legal description of the property or say "this property is for sale." She did not hear him offer the property up for public bidding, although there were other people who wished to bid on the property. She saw him hold up some papers and mumble something, then turn and walk away.

■ Mrs. McCoy's testimony constituted some evidence of probative force from which the jury could have decided that the substitute trustee had not acted fairly or impartially in conducting the sale. The defendants' fourth and fifth points of error are overruled.

In their sixth point of error the defendants contend the trial court erred in admitting in evidence Mrs. McCoy's hearsay testimony regarding what an unidentified lady said to her at the time of the sale. Mrs. McCoy testified that when the substitute trustee "mumbled something," a lady standing next to him "put up a big fuss and really carried on," saying "I didn't hear him say anything."

■ Upon objection to this testimony made by counsel for other defendants in the case, the trial court sustained the objection as to all defendants other than the substitute trustee. No further complaint was made by any of the defendants, and no request was made for an instruction to the jury to disregard the inadmissible testimony. In order for the plaintiffs to complain on appeal that such testimony prejudiced their case in such manner as was calculated to cause and probably did cause the rendition of an improper judgment, it was necessary to bring the matter to the courts' attention at the time of trial so that the court would have an opportunity to cure the matter by appropriate instruction. *Ka-Hugh Enterprises, Inc. v. Fort Worth Pipe and Supply Company*, 524 S.W.2d 418, 424 (Tex.Civ. App.—Fort Worth 1975, writ ref'd n. r. e.) These points are overruled.

■ In their seventh and eighth points of error the defendants contend that the evidence is legally and factually insufficient to support the jury's finding that the trustee's failure to act fairly and impartially "caused or contributed to" the grossly inadequate consideration received. Under these points the defendants argue that it was the plaintiffs' burden to show that the price received was directly affected by some specific conduct on the part of the trustee and that there was no evidence to show any causal relationship between the trustee's conduct and the price ultimately received at the foreclosure sale.

Mrs. McCoy testified that her home was worth $70,000 at the time of the foreclosure sale based upon comparable sales in the area. The price received at the foreclosure sale, $11,317.22, was less than ⅙th of the value at the time. The jury could have concluded from the evidence that the man-

ner in which the trustee conducted the sale caused or contributed to the low sales price received. This point of error is overruled.

The judgment of the trial court is affirmed.