Kenneth R. **JORDAN**, Appellant,

v.

Eileen Sandra **MIDDLETON**, Appellee.

No. 04–88–00140–CV.

Court of Appeals of Texas, San Antonio.

Dec. 14, 1988.

---

1. In the second point of error, appellant merely referenced pages of the record. However, there is no citation of authorities nor argument to substantiate the claims. *See* TEX.R.APP.P. 74(f). In addition, Rule 52(a) specifies the method of preserving a complaint for appellate review.

Byron E. Barnett, San Antonio, for appellant.

James N. Higdon, Bass & Higdon, San Antonio, for appellee.

Before BUTTS, REEVES and CHAPA, JJ.

## OPINION

CHAPA, Justice.

This is an appeal by appellant Kenneth R. Jordan from an action awarding appellee, Eileen Sandra Middleton a money judgment and wage withholding for child sup-

port arrearages. However, appellant only complains about that portion of the judgment which reduces the arrearage to judgment.

Eileen Middleton and Kenneth Jordan were divorced in 1973. The divorce decree provided that appellant was to make periodic payments in the amount of $100.00 on the 1st and 15th of every month beginning in December 1973 until the children of the marriage attained the age of eighteen years or until further orders of the Court. In September 1981, appellee filed a motion for contempt for failure to pay child support, which was answered by appellant through his attorney of record, Richard Corrigan. No action was taken thereafter until May 1987, when appellee filed her First Amended Motion for Contempt and served Mr. Corrigan with the document. In December of 1987, appellee's Second Amended Motion for Contempt was filed against appellant which included for the first time, a request to reduce the arrearages to a money judgment.

The issues before us are:

1) whether the trial judge erred in entering a judgment for unpaid child support due and owing more than ten years before the filing of the motion to reduce the arrearage to judgment in violation of the TEX.FAM.CODE § 14.41(c); and

2) whether proper notice was given appellant of the motion upon which the court granted judgment.

A party seeking enforcement of a final court order concerning child support may join in the same proceeding, either independently or alternatively, as many claims and remedies as he may have against another party. TEX.FAM.CODE ANN. § 14.31(b)(2) (Vernon 1986). These claims include, among other things, enforcing a child support order by contempt under TEX.FAM.CODE § 14.40 and reducing child support arrearages to judgment under TEX.FAM.CODE § 14.41. TEX.FAM. CODE ANN. § 14.31(b)(2)(A), (B). Once an answer has been filed in an action brought under this subchapter, the proceedings shall be conducted in the same general manner as in other civil cases. TEX.FAM. CODE ANN. 14.31(b)(2)(D) (Vernon 1986).

Here, appellant, through his attorney, answered appellee's motion for contempt in 1981. He was thus properly notified of the nature of the proceedings brought against him. Although an unusually long period of time transpired without action being taken, the cause was never dismissed. During the 1981–1987 hiatus, appellee employed new counsel to represent her, who filed the Second Amended Motion For Contempt, which included a motion to reduce the child support arrearages to judgment. Appellant's attorney certified that copies were sent to Mr. Corrigan and to Mr. Tom Even, an attorney who represented appellant in another proceeding. Mr. Even appeared at the hearing on January 11, 1988 and contested the notice. He stated that he had attempted to contact appellant and was unable to, and that appellant was unaware of the hearing on that day. Mr. Corrigan did not appear.

Because of the unique nature of contempt proceedings, due process of law requires that before a court can punish for contempt not committed in its presence, the accused must have full and complete notification of the subject matter, and he must be given notice of the charges against him and an opportunity to be heard. *Ex Parte Stanford*, 557 S.W.2d 346, 349 (Tex.Civ. App.—Houston [1st Dist.] 1977). However, the constitutional protections necessary in such a proceeding are not required in a proceeding that results solely in an order which reduces child support arrearage to a money judgment. *Crawford v. Garner*, 690 S.W.2d 296, 297 (Tex.App.—Dallas 1985, no writ).

Aware of these distinctions in the law concerning the notice requirements, the trial judge here refused to consider the contempt motion in the appellant's absence and heard only the motion to reduce the judgment to arrearages and withhold wages which was subsequently granted.

When appellant answered the Original Motion for Contempt in 1981, the proceedings thereafter were to be conducted in

the same general manner as in other civil cases. TEX.FAM.CODE ANN. 14.-31(b)(2)(D). As in other civil proceedings, notice to the appellant pertinent to wage assignment and the reduction of the arrearage to judgment was sufficient when the amended pleadings containing these requests were served upon his attorney of record. Accordingly, the notice point is overruled.

 Appellant also complains that the trial court erred by entering a judgment for unpaid child support payments that were due and owing more than 10 years before the filing of the motion to reduce the arrearage to judgment.[1]

A court may not enter judgment for unpaid child support payments that were due and owing more than 10 years before the filing of the motion to render judgment. TEX.FAM.CODE § 14.41(c). This "limitation" period begins to run on the date each child support payment becomes due. *Grasberger v. Grasberger*, 713 S.W.2d 429, 430 (Tex.App.Houston [1st Dist.] 1986, writ dism'd). Here, the motion to reduce arrearage to judgment was filed on December 23, 1987. The first payment became due December 15, 1973. The trial court could not properly award judgment for any past due payments before December 23, 1977.

Therefore, the judgment is reversed with instructions to the trial court to modify the judgment in accordance with this opinion.

---

1. Appellee also contends in her brief that appellant has *not properly raised this limitation point* because it was not raised below. This limitation is substantive in nature, however, and does not have to be pleaded as an affirmative defense in order to be preserved. *Sandford v. Sandford,* 732 S.W.2d 449, 451 (Tex.App.—Dallas 1987, no writ).