**DALLAS MARKET CENTER,**
Appellant,

v.

**THE SWING, INC., Appellee.**

No. 05–88–00676–CV.

Court of Appeals of Texas,
Dallas.

Aug. 9, 1989.

John W. Bickel II, James S. Renard, Joyce M. Hellstern, Dallas, for appellant.

John Malesovas, Andy McSwain, Waco, for appellee.

Before STEWART, ROWE and OVARD, JJ.

OVARD, Justice.

Appellant, Dallas Market Center (DMC), appeals a judgment by a jury in favor of appellee, The Swing, Inc. The statement of facts was not timely filed on appeal; thus, we derive the following facts from the transcript. This suit arose from a written lease renewed by DMC.and The Swing on May 25, 1982. DMC owns several buildings, including the Dallas Apparel Mart. The Swing, a manufacturers' representative, first leased a showroom in the Dallas Apparel Mart from DMC in 1978. Prior to the end of the first lease, The Swing indicated that it would not renew its lease with DMC. In 1982, DMC allegedly made promises, which DMC allegedly failed to keep, to induce The Swing to sign the four-year renewal lease. In 1985, The Swing left the Apparel Mart prior to the end of the lease and stopped its payments to DMC. In January 1986, The Swing filed suit against DMC for business losses. DMC filed a counterclaim against The Swing in October 1987, for breach of the renewal lease. The jury returned a verdict awarding The Swing $15,000 actual damages, $10,000 exemplary damages, and $80,000 in attorney's fees. The jury awarded DMC $1,100 actual damages and $80,000 in attorney's fees. The court entered a judgment n.o.v. awarding The Swing all of its damages and attorney's fees, while denying DMC any relief. DMC now appeals.

DMC contends, in fourteen points of error, that the court's judgment must be reversed. Without a statement of facts, appellate courts are limited generally to complaints involving errors of law, erroneous pleadings, an erroneous charge, irreconcilable conflicts of jury findings, summary judgments, and/or fundamental error. *American Mutual Liability Ins. Co. v. Guerrero*, 678 S.W.2d 264, 265 (Tex.App.—Corpus Christi 1984, no writ). Because DMC failed to timely file a statement of facts with this Court, we need only address DMC's points of error numbers one, two, five, eight, and nine. *Id.*

These points can be summarized as follows: DMC contends the trial court erred in: 1) entering a judgment for actual damages based on the jury's findings, because the court's charge and the jury's findings were not supported by the pleadings or based upon any measure of damages recognized by Texas law; (2) entering a judgment when there is a fatal conflict between two jury findings; and (3) entering a judgment notwithstanding the verdict because The Swing did not file a motion to disregard a material finding of the jury. We disagree and affirm the judgment of the trial court.

## STATEMENT OF FACTS

█ Before we consider this appeal on the merits, we will first address DMC's contention that this Court abused its discretion by: (1) denying a request to extend the time to file the statement of facts; and (2) denying leave to file exhibits admitted into evidence, even without the statement of facts. On July 29, 1988, a panel of justices of this Court denied DMC's motion to extend the time to file the statement of facts.

On September 13, the same panel denied DMC's motion to reconsider this denial. On October 13, the same panel granted The Swing's motion to strike certain exhibits from the record. Those exhibits had allegedly been admitted during trial, but The Swing argued that, without the statement of facts, there was nothing in the record to show their admission. By a supplemental brief filed on March 17, 1989, after oral argument and without seeking leave of Court, DMC asks this panel to reconsider the three orders described above. It characterizes the entry of those orders as an abuse of discretion on the part of this Court. We disagree.

Final judgment was signed on February 3, 1988. DMC did not receive prompt notice of the judgment, however, and filed a motion to extend the appellate timetable pursuant to rule 306a(4) of the Texas Rules of Civil Procedure. The trial court affirmatively found that DMC first acquired actual knowledge of the judgment on February 29. That date began the appellate timetable in this cause. TEX.R.CIV.P. 306a(4).

DMC timely filed a motion for new trial and, subsequently, yet another motion for new trial. *Id.; see also* TEX.R.CIV.P. 329b(b). Thus, the time to perfect the appeal expired on Tuesday, May 31, because the ninetieth day fell on Sunday, May 29, followed by the Memorial Day holiday on Monday, May 30. TEX.R.APP.P. 41(a)(1); TEX.R.APP.P. 5(a). As a result, DMC had to make a written request by that date to the official court reporter to begin preparing the statement of facts. TEX.R.APP.P. 53(a). DMC made its first request to the court reporter on June 10. Subsequently, it needed an extension of time to file the statement of facts and filed a motion accordingly.

■ Any motion seeking an extension to file the statement of facts must reasonably explain any delay in making the written request for it to the court reporter. TEX. R.APP.P. 54(c). DMC was obligated to explain why its request to the reporter was ten days late. The standard is not whether DMC's failure to make the request within the required time was deliberate or intentional, but whether it was the result of inadvertence, mistake, or mischance. *Meshwert v. Meshwert*, 549 S.W.2d 383, 384 (Tex.1987).

It is undisputed that on May 3, counsel for DMC wrote the trial court a letter asking about the status of its motions for new trial. The letter expressly recited that counsel had learned from the court clerk that the trial court was "inclined to overrule both of [DMC's] motions [for new trial] without oral argument thereon." In its letter, DMC requested an opportunity to present oral argument on its motions. There is no showing that DMC ever followed up on its informal letter request by filing a formal motion for a hearing, nor is there any showing that the trial court granted a hearing.

On May 12, the trial court signed an order overruling the motions for new trial. May 14, the seventy-fifth day after the appellate timetable began under Texas Rule of Civil Procedure 306a(4), was a Saturday; therefore, even without the written order of May 12, the motions for new trial would have been overruled by operation of law no later than May 16. *Id.; see* TEX.R. CIV.P. 329b(c); TEX.R.APP.P. 5(a). On June 9, DMC learned from the court clerk, for the first time, that the trial court had overruled its motions by written order on May 12. The next day, on June 10, DMC requested the reporter to begin preparing the statement of facts for this appeal.

■ DMC argues that it had no timely actual knowledge of the May 12 order overruling its motions for new trial. A party, however, is charged with notice of all orders rendered in a case. *See K & S Interests, Inc. v. Texas Am. Bank/Dallas*, 749 S.W.2d 887, 892 (Tex.App.—Dallas 1988, writ denied) (op. on reh'g). Further, the May 3 letter that DMC's counsel wrote indicates his awareness of the probability that the trial court would overrule the motions for new trial. Even without such an awareness, however, DMC was charged with the knowledge that, by May 16, the motions were overruled by operation of law, unless the trial court had signed a written order granting one or both motions.

We fail to see, therefore, the relevancy of the date that DMC first learned of the May 12 order. Even using the later date of May 16, DMC had two weeks in which to determine the disposition of its motions and to timely request a statement of facts from the court reporter. DMC has offered no justification for its failure to act during this two-week period.

DMC also argues that the trial court committed obvious error, discernible from the statement of facts. While it contends on appeal that certain error is evident solely from the transcript, it urges its need for the statement of facts to demonstrate the full error below. This argument proves only that DMC should have acted more promptly in securing the statement of facts. DMC also argues to this Court that it paid $2,500 to the reporter for the statement of facts. This fact is irrelevant to the issue of whether DMC has reasonably explained its delay in requesting a statement of facts under Texas Rule of Appellate Procedure 53(a).

DMC cites authority for the principle that waiting to see how a motion for new trial is disposed of is a reasonable explanation for delaying the request to the court reporter. *Thornton v. Fenelon Funeral Home*, 646 S.W.2d 934, 936 (Tex.1983). Its reliance on *Thornton* is misplaced. As discussed earlier, by May 17 at the latest, DMC knew (or should have known) that its motions had been disposed of, either by written order or by operation of law. Nonetheless, it waited for over three weeks after that date before even making any inquiry about the status of the motions; it waited for over a month after it first had, by its own admission, an intimation that the trial court probably would not act favorably on its motions. The Supreme Court in *Thornton* noted that the attorney involved in that case "diligently monitored every step of the appeal." *Id.* We do not discern such diligent monitoring here. DMC has not shown that the delay in this case is the result of inadvertence, mistake, or mischance.

We hold, therefore, that, under the facts of this case, this Court properly excluded the statement of facts from the record. DMC gave no reasonable explanation for its delay in requesting the statement of facts after it knew, or should have known, that its motions for new trial had been overruled. We turn now to the question of the exhibits allegedly admitted during trial.

The general rule is that the statement of facts is conclusive on the question of whether a document was introduced into evidence. *G. & H. Equip. Co. v. Alexander*, 533 S.W.2d 872, 878 (Tex.Civ.App.— Fort Worth 1976, no writ). Without the statement of facts, DMC cannot show that the documents tendered as exhibits to this Court were in fact admitted at trial. Therefore, DMC cannot lay the proper predicate for introducing those exhibits into the appellate record.

DMC argues that the court reporter's certificate to the exhibit volumes establishes that the documents contained in the exhibit volumes were admitted into evidence. It relies upon *Chemical Cleaning & Equip. Serv. Inc., v. Wynn*, 395 S.W.2d 947, 948 (Tex.Civ.App.—Houston 1965, no writ). The *Wynn* court held, however, that "a formal statement of facts is not essential where all the evidence legally and conclusively appears in the record *by a bill of exceptions or by recitals in the judgment.*" *Id.*, 395 S.W.2d at 950 (emphasis added). In short, *Wynn* stands for nothing more than the proposition that a formal statement of facts is not essential when all the evidence upon which the trial court based its judgment can be found, in some form, in the transcript. Conversely, we have held that, when our own record does not reflect what a party contends that it should reflect, our record cannot be impeached even by an affidavit of a disinterested officer of the court. *See Forest Lane Porsche–Audi Assoc. v. DeFries*, 730 S.W.2d 80, 81–82 (Tex.App.—Dallas 1987, no writ) (lack of any indication within this Court's records that a statement of facts was timely filed will not be overcome by affidavits of an attorney and a trial court deputy clerk who swore that one was timely filed).

■ At the very most, the exhibits that were tendered to this Court, absent a showing that they were properly offered into evidence and that the trial court admitted them into evidence during trial, are loose exhibits, forming no part of the record proper. *See Perry v. Kroger Stores, Store No. 119,* 741 S.W.2d 533, 534 (Tex.App.—Dallas 1987, no writ) (op. on reh'g). We hold that, when a statement of facts is excluded from the record on an appeal, any exhibit for which that statement of facts is necessary to show its admission into evidence must also be excluded from the record on appeal. Consequently, we conclude that this Court did not abuse its discretion in striking the exhibits tendered by DMC to this Court. We now turn to the merits of the appeal, to the extent that we can do so with an incomplete record.

## DAMAGES NOT SUPPORTED BY PLEADINGS

■ DMC argues in points of error one, two, and five that the trial court erred in entering a judgment for actual damages based on the jury's findings because the court's charge and the jury's findings were not supported by the pleadings or based upon any measure of damages recognized by Texas law. Under Texas Rule of Civil Procedure 274, a party must timely object to the court's charge to preserve a complaint for appellate review. TEX.R.CIV.P. 274. The record, composed of the statement of facts and the transcript, must evidence the necessary objection. *Daniel v. Esmaili,* 761 S.W.2d 827, 829 (Tex.Civ.App. —Dallas 1988, no writ); *see Dodson v. McCoy,* 601 S.W.2d 128, 130 (Tex.Civ.App. —Houston [1st Dist.] 1980, no writ); *see generally* TEX.R.APP.P. 50(a). In the absence of a statement of facts, the appellant waives error in the charge to the jury. *Daniel,* 761 S.W.2d at 829. Since DMC did not timely file a statement of facts and the transcript contains no evidence of an objection to the jury charge, we hold that DMC has waived any error concerning the special issues submitted to the jury. We overrule DMC's points of error one, two, and five.

## CONFLICTING JURY FINDINGS

In point of error eight, DMC complains that the trial court erred in entering a judgment when there is a fatal conflict between two jury findings. In answering the special issues, the jury found that The Swing breached its lease with DMC, and that DMC breached its lease with The Swing. The jury also found that both The Swing and DMC sustained damages. The trial court entered a judgment awarding damages to The Swing and denying damages and attorney's fees to DMC. DMC now complains that judgment was improperly entered because the jury issues dealing with breach of contract are in irreconcilable conflict.

■ If possible, a court must reconcile apparent conflicts in the findings of the jury in light of the pleadings and evidence, the manner of submission, and the other findings considered as a whole. *Bender v. South Pac. Transp. Co.,* 600 S.W.2d 257, 260 (Tex.1980). In addition, a court may, upon motion and notice, disregard any special issue finding that has no support in the evidence. *Fort Worth State School v. Jones,* 756 S.W.2d 445, 446 (Tex.App.—Fort Worth 1988, no writ); TEX.R.CIV.P. 301.

■ In Texas, the general rule is that reciprocal promises in a contract, absent intentions to the contrary, are presumed to be mutually dependant and the breach of one will excuse performance of the other. *Hanks v. GAB Business Serv., Inc.,* 626 S.W.2d 564, 568 (Tex.Civ.App.—Amarillo 1981), *rev'd on other grounds,* 644 S.W.2d 707 (Tex.1982). In addition, one who has broken a contract himself cannot recover on it. *Joseph v. PPG Indus., Inc.,* 674 S.W.2d 862 (Tex.App.—Austin 1984, writ ref'd n.r.e.).

■ DMC did not file a statement of facts in this appeal. Thus, we have no evidentiary basis for determining whether the complained of findings can be factually reconciled. Under the circumstances, we can only consider whether the complained of findings can be logically (that is, legally) reconciled. As to this point, we hold that the findings are capable of reconciliation.

Although both parties may have breached their obligations under the lease, an initial breach by DMC excuses The Swings' subsequent failure to perform. Because this could have been the legal basis for the trial court's decision to grant The Swing's judgment and deny DMC damages and attorney's fees, we overrule appellant's eighth point of error.

### JUDGMENT N.O.V.

DMC complains, in its ninth point of error, that the trial court erred in entering a judgment notwithstanding the verdict because The Swing did not file a motion to disregard a material finding of the jury. The Swing did not file a motion to disregard. However, it did file a motion requesting a judgment n.o.v., in which it asked the trial court to disregard the jury's findings that DMC was damaged.

▮▮▮ A party is entitled to a judgment n.o.v. when there is no evidence to support a jury's verdict on a vital issue. *Douglas v. Panama, Inc.*, 504 S.W.2d 776, 777 (Tex.1974). The term "no evidence" does not mean literally no evidence at all, but, rather, that the evidence is deemed legally insufficient to establish an asserted proposition of fact. *Donovan v. Rankin*, 762 S.W.2d 342, 345 (Tex.App.—Houston [1st Dist.] 1988, no writ). In reviewing the entry of a judgment notwithstanding the verdict, the court of appeals must consider the evidence in the light most favorable to the party against whom the judgment was rendered, and every reasonable inference must be indulged in that party's favor. *Dowling v. NADW Mktg. Inc.*, 631 S.W.2d 726, 728 (Tex.1982). It must be determined that there is no evidence of probative force upon which the jury could have made the findings relied upon. *Trenholm v. Ratcliff*, 646 S.W.2d 927, 931 (Tex.1983).

▮▮▮ We hold that The Swing properly asked the trial court to disregard the jury's finding that DMC was damaged. Since DMC did not file a statement of facts in this case, we do not have any evidence upon which to review the judgment n.o.v. of the trial court. *See Guerrero*, 678

S.W.2d at 265. The review of a judgment n.o.v. is an evidentiary one. *See Donovan*, 762 S.W.2d at 345; *Douglass*, 504 S.W.2d 777. In the absence of the necessary evidence, we must presume that the evidence in the statement of facts supported the trial court's order. We overrule DMC's point of error nine.

We affirm the judgment of the trial court.