Arthur C. BIEGANOWSKI, Arthur C. Bieganowski, M.D., P.A., Texas Thermographics, P.A., and El Paso Institute of Physical Medicine and Rehabilitation, Inc., Appellants,

v.

EL PASO MEDICAL CENTER JOINT VENTURE, Appellee.

No. 08–92–00081–CV.

Court of Appeals of Texas, El Paso.

Feb. 24, 1993.

Rehearing Overruled March 17, 1993.

David Ellis, El Paso, for appellants.

Wayne Pritchard, Ginnings, Birkelbach, Keith & Delgado, El Paso, for appellee.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## CORRECTED OPINION

KOEHLER, Justice.

The opinion issued on December 30, 1992 is withdrawn and the following opinion is substituted.

This is a summary judgment case in which the lessees appeal from that part of a final judgment which granted lessor a summary judgment as to lessees' counterclaims for offsetting damages against lessor's claim for delinquent rents under several written leases. We affirm.

### FACTUAL BACKGROUND

El Paso Medical Center Joint Venture, Landlord, brought suit for delinquent rents allegedly owed under several written lease agreements. Arthur C. Bieganowski, Arthur C. Bieganowski, M.D., P.A., Texas

Thermographics, P.A., and El Paso Institute of Physical Medicine and Rehabilitation, Inc., Tenants, generally denied the claims and interposed counterclaims for breach of lease and *quantum meruit* damages on grounds that the amounts of the rents were excessive, the Landlord did not keep the property properly maintained or repaired and the Landlord negligently damaged or destroyed Tenants' telephone system. Landlord moved for summary judgment as to all of Tenants' counterclaims, which motion was granted as to all counterclaims with the exception of Tenants' claims for damages to their telephone system. After severing the latter claim, final judgment was entered granting the summary judgment on the remaining counterclaims and awarding Landlord delinquent rents and pre- and post-judgment interest on the various leases. In this appeal, Tenants contest only that part of the final judgment granting the summary judgment on the counterclaims, asserting in six points of error that the trial court erred in so doing.

## POINTS OF ERROR

In their first and second points of error, Tenants assert generally that the trial court erred in granting the summary judgment because the Landlord failed to establish its construction of the lease so as to preclude Tenants' counterclaims as a matter of law. In Point of Error No. Three, Tenants argue that the trial court erroneously shifted the summary judgment burden of proof from movant, which failed to support its motion with legal authority, to them as non-movants. In Points of Error Nos. Four, Five and Six, Tenants contend that the trial court acknowledged that the lease provision in question was ambiguous thereby creating a fact issue, but instead adopted a construction of the provision that violated the rules of construction and is "harsh, inequitable and oppressive."

█ The problem confronting Tenants at the outset is that they failed to appeal from that part of the summary judgment granting Landlord full recovery for back rents and prejudgment interest against each of the Tenants. In order for the Landlord to be entitled to recover on the various lease contracts, it had to establish: (1) the existence of the contract; (2) its compliance with the terms of the contract; and (3) the breach of the contract by each of the tenants. *See St. Paul Insurance Company v. Rakkar*, 838 S.W.2d 622, 629 (Tex.App.—Dallas 1992, no writ); *Stegman v. Chavers*, 704 S.W.2d 793, 795 (Tex. App.—Dallas 1985, no writ). Since no appeal has been taken from that part of the judgment awarding Landlord its damages for breach of the lease, we hold as a matter of law that Landlord established each of the requisite elements, including performance by it of the terms and conditions required to be performed by it under each of the leases. In addition to their failure to pay rents as they became due, the Tenants breached the leases by abandoning the premises prior to the ends of the terms. One who has breached a contract by failure to pay rent and by abandoning the premises cannot recover for an alleged breach of the same contract by the other party. *Dallas Market Center v. The Swing, Inc.*, 775 S.W.2d 838, 842 (Tex.App.—Dallas 1989, no writ).

The recovery on Tenants' counterclaims having been foreclosed by their failure to appeal from the damage awards, the points of error asserted by Tenants become irrelevant. Even if the trial court erred in its disposition of the counterclaims, it would be meaningless for this Court to reverse the judgment with respect to such counterclaims since we have held that, as a matter of law, the judgment awarding damages for Tenants' breaches has become final. Accordingly, all of Tenants' points of error are overruled.

Judgment of the trial court is affirmed.