**CHALE GARZA INVESTMENTS, INC. and Marcelino Mares, Appellants,**

v.

**Alberto Cabezut MADARIA; Arturo Cabezut Madaria; and Berkeley Federal Bank & Trust, F.S.B. f/k/a First State Savings Bank (of Delaware), Appellees.**

No. 04–95–00392–CV.

Court of Appeals of Texas, San Antonio.

April 30, 1996.

Rehearing Overruled July 19, 1996.

Roger C. Rocha, Laredo, for appellants.

Alberto Alarcon, Hall, Quintanilla & Alarcon, Laredo, Clay A. Cornett, Barrett Burke Wilson Castle Daffin & Frappier, Houston, for appellees.

Before RICKHOFF, HARDBERGER and DUNCAN, JJ.

## OPINION

RICKHOFF, Justice.

This appeal arises out of a wrongful foreclosure action. Summary judgment was granted in favor of appellees Alberto Cabe-

zut Madaria and Arturo Cabezut Madaria (the "Madarias"). In four points of error, appellants challenge the summary judgment contending: (1) the summary judgment was improperly based on an agreement to which appellants did not consent; (2) the summary judgment was improperly based on an agreement consented to by appellee Berkeley Federal Bank & Trust, F.S.B. f/k/a First State Savings Bank (Of Delaware) (hereinafter "Berkeley Federal"), who was without authority to adversely affect appellants by consenting to the agreement; and (3) the summary judgment was improper as to appellants because they were not named in the motion and the summary judgment did not address their counterclaims. We affirm.

## FACTS

The Madarias' father purchased the property at issue in 1979, assuming the then existing indebtedness in favor of Laredo Savings and Loan Association ("Laredo Savings") with its consent. The Madarias' father died on June 4, 1984, and the Madarias inherited the property from him. On December 10, 1984, Laredo Savings exercised its right to accelerate the note on the property. Berkeley Federal is a successor-in-interest to Laredo Savings. On May 21, 1993, Berkeley Federal sent notice of default of the previously accelerated note. On February 7, 1994, Berkeley Federal sent notice of acceleration and foreclosure sale. On March 1, 1994, Berkeley Federal sold the property at · foreclosure to the appellants.

The Madarias filed suit to set aside the foreclosure alleging various claims including that the sale was barred by the statute of limitations. Berkeley Federal filed a motion for summary judgment alleging there was no genuine issue of material fact as to any of the Madarias' allegations. The Madarias filed a counter motion for summary judgment claiming, in pertinent part, that the statute of limitations barred the foreclosure, having run four years from December 10, 1988, the date the note was initially accelerated by Laredo Savings. Berkeley Federal filed a response contending the statute of limitations was extended by the Financial Institutions Reform, Recovery, and Enforcement Act of 1989

("FIRREA"). Ultimately, Berkeley Federal was forced to admit FIRREA did not resurrect its claim against the Madarias and withdrew its opposition to the summary judgment on the basis of the statute of limitations. In exchange for withdrawing its opposition, the Madarias paid Berkeley Federal the sum of $20,000 ($15,000 was for the amount of the indebtedness still owed by the Madarias on the note prior to foreclosure) and agreed that the relief prayed in connection with all issues other than the statute of limitations issue would be denied. This agreement by Berkeley Federal to withdraw its opposition as to the statute of limitations issue in exchange for the consideration of $20,000 is the agreement to which appellants refer in their points of error.

The agreement between the Madarias and Berkeley Federal was presented to the trial court at a hearing on January 31, 1995. The motions for summary judgment were previously taken under advisement without the necessity of an oral hearing. Appellants never filed a response to the Madarias' motion.

## ARGUMENTS ON APPEAL

In four points of error, appellants challenge the summary judgment contending: (1) the summary judgment was improperly based on an agreement to which appellants did not consent; (2) the summary judgment was improperly based on an agreement consented to by appellee Berkeley Federal, who was without authority to adversely affect appellants by consenting to the agreement; and (3) the summary judgment was improper as to appellants because they were not named in the motion and the summary judgment did not address their counterclaims.

**1. Agreement between Madarias and Berkeley Federal**

■ In their first and second points of error, appellants contend the summary judgment was improper because it was based on the agreement previously mentioned. Appellants argue the agreement was an improper basis for the summary judgment because they were not parties to the agreement. Appellants also argue the agreement was an improper basis for the summary judgment

because Berkeley Federal was without authority to adversely affect appellants' interests by entering into the agreement.

Appellants' arguments relating to the agreement between the Madarias and Berkeley Federal ignore the trial court's Findings of Fact and Conclusions of Law. The trial court held as a matter of law that the foreclosure sale was barred by the statute of limitations regardless of the agreement. Since appellants do not appeal the trial court's legal conclusion, their first two points of error are overruled.

### 2. Failure to Name Madarias or Address Counterclaims

■ In their third and fourth points of error, appellants contend the summary judgment was improper because they were not named in the motion and the summary judgment did not address their counterclaims.[1]

The motion filed by the Madarias did not specifically name either Berkeley Federal or the appellants; however, the motion sought to have the foreclosure set aside. Both Berkeley Federal and the appellants were served with a copy of the motion. If appellants' argument is accepted, the order of the trial court would be invalid as to Berkeley Federal as well as to appellants simply because the motion did not set forth their names in an introductory paragraph similar to the forms cited by appellants. This result was apparently rejected by the trial court, since the order correctly notes that the effect of setting aside the foreclosure is to divest the appellants of any title or claim to the property. *See Durkay v. Madco Oil Co.,* 862 S.W.2d 14, 17 (Tex.App.—Corpus Christi 1993, writ denied); *Diversified, Inc. v. Walker,* 702 S.W.2d 717, 721 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.); *Henke v. First Southern Properties, Inc.,* 586 S.W.2d 617, 620 (Tex.App.—Waco 1979, writ ref'd n.r.e.). Appellants should have known that such a result would follow, or if they were confused as to who the motion was filed against, they should have either filed a written response or raised the issue at the hearing. Appellants will not be permitted to raise this issue for the first time on appeal. *See City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678–79 (Tex. 1979).

■ We must next consider whether the summary judgment properly disposed of appellants' counterclaims. Appellants contend that the counterclaims could not properly be denied because the Madarias' motion did not seek that relief. Appellants' contention once again ignores, however, the effect of the relief the Madarias sought.

■ The Madarias requested the court to grant them a summary judgment setting aside the foreclosure. When a foreclosure sale is void, the purchaser does not acquire title to the property. *See Durkay v. Madco Oil Co.,* 862 S.W.2d at 17; *Diversified, Inc. v. Walker,* 702 S.W.2d at 721; *Henke v. First Southern Properties, Inc.,* 586 S.W.2d at 620. Appellants' first counterclaim contends the Madarias were tenants at will and, therefore, owed the appellants rent. A tenant at will is one who holds possession of a premises by permission of an owner, but without a fixed term. *Fandey v. Lee,* 880 S.W.2d 164, 169 (Tex.App.—El Paso 1994, writ denied) (citing Black's Law Dictionary). Since the foreclosure sale was declared void, appellants did not acquire title to the property as a matter of law. Therefore, the Madarias, as owners, could not be tenants at will, and the appellants were not owners entitled to rental.

■ Appellants second counterclaim seeks recovery of damages for tortious interference with an earnest money contract to sell the property. Specifically, appellants complain of the Madarias' filing of the instant suit and the filing of a Notice of Lis Pendens. A lis pendens is absolutely privileged in an action for tortious interference of contract and does not constitute interference as a matter of law. *Griffin v. Rowden,* 702 S.W.2d 692, 695 (Tex.App.—Dallas 1985, writ ref'd n.r.e.); *see also Bayou Terrace Inv.*

---

1. Although appellants' fourth point of error erroneously refers to a summary judgment granted in favor of Berkeley Federal, the cases cited by appellants and the arguments made thereunder relate to the finality of a summary judgment which fails to address all claims or counterclaims.

*Corp. v. Lyles,* 881 S.W.2d 810, 818 (Tex. App.—Houston [1st Dist.] 1994, no writ). Therefore, the Madarias were privileged as a matter of law in exercising their legal right as owner of the property by filing the instant suit and the lis pendens. Moreover, it would be illogical to accept that the Madarias could not prevent appellants from selling the Madarias' property—property to which appellants did not have title and were without right or authority to sell.

Even if we were to accept that the trial court erred in disposing of appellants' counterclaims on the face of the Madarias' motion, it would be meaningless for this court to reverse the judgment as to the counterclaims since appellants could not recover thereon as a matter of law. *See Bieganowski v. El Paso Medical Center Joint Venture,* 848 S.W.2d 361, 362 (Tex.App.—El Paso 1993, writ denied).

Appellants' third and fourth points of error are overruled.

## CONCLUSION

The judgment of the trial court is affirmed.