Deborah H. WITHROW, Appellant,

v.

STATE FARM LLOYDS, Appellee.

No. 06–98–00154–CV.

Court of Appeals of Texas,
Texarkana.

Submitted Feb. 26, 1999.

Decided April 1, 1999.

David Brent Lemon, Shaw and Lemon, Dallas, for appellant.

Melinda Ruth Burke, Lori R. Thomas, Shannon, Gracey, Ratliff, Miller, Fort Worth, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

OPINION

Opinion by Chief Justice CORNELIUS.

Deborah Withrow appeals from an adverse summary judgment rendered in her suit against State Farm Lloyds. Withrow originally sued the contractors who built her house, as well as the engineering consultants, after the foundation started to

crack and shift. She amended her petition to include State Farm Lloyds as a defendant, alleging breach of contract, a breach of the duty of good faith and fair dealing, and negligence. In her amended petition, she alleged that State Farm had not fully honored her claim for foundation damage, and thus had effectively denied her claim.

State Farm answered and then filed a motion for summary judgment. In its motion, State Farm asserted that Withrow's pleadings conclusively established she was not entitled to recover on her breach of contract claim because all facts she pleaded fell within exclusions in the insurance policy. Specifically, State Farm asserted that Withrow's policy did not cover loss due to inherent vice or loss caused by settling, cracking, or bulging foundations. State Farm also moved for summary judgment on the basis that, as a matter of law, it did not breach its duty of good faith and fair dealing. The motion for summary judgment did not have the insurance policy or any documentary evidence attached to it.

The trial court's docket sheet contains an entry dated February 4, 1997, that State Farm's summary judgment was granted and the court administrator was to notify the parties by telephone. After she was notified, Withrow filed a motion to reconsider State Farm's motion for summary judgment. She contended that State Farm failed to provide any evidence to support its summary judgment. On March 25, 1997, State Farm filed a motion in response to Withrow's motion for reconsideration and a motion for leave to file an affidavit in support of its motion for summary judgment. Attached to this motion was the insurance policy and an affidavit of State Farm's record custodian. On May 27, 1997, the trial court signed the order granting State Farm's motion for summary judgment and motion for leave.

In her motion for new trial, Withrow alleged that she did not receive notice of the hearing or submission on State Farm's motion for leave to file the affidavit. State Farm responded and attached exhibits indicating that she had notice. Withrow's motion for new trial was overruled by operation of law. She then perfected this appeal.

Withrow first contends that State Farm had no evidence supporting its motion for summary judgment because it had no documentation attached to its motion before the trial court ruled on it. The trial court granted summary judgment on February 4, 1997, and State Farm filed its motion for leave to file the summary judgment evidence on March 25, 1997. Withrow also contends that if State Farm did request leave of court to file the policy and its affidavit, it failed to do so after it obtained leave and thereby did not present any evidence to support its motion for summary judgment. State Farm contends it properly requested and obtained leave of the court to attach the policy and a business records affidavit before the court granted summary judgment.

■ Rule 166a(c) of the Texas Rules of Civil Procedure authorizes the late filing of summary judgment evidence, if the party requests and obtains leave of the court and if such evidence is before the court before the summary judgment is rendered. TEX.R. CIV. P. 166a(c); *Benchmark Bank v. Crowder*, 919 S.W.2d 657, 663 (Tex.1996); *Longoria v. United Blood Servs.*, 907 S.W.2d 605, 609 (Tex.App.-Corpus Christi 1995), *rev'd on other grounds*, 938 S.W.2d 29 (Tex.1997). When the provisions of an insurance policy are material to a movant's theory, the policy must be attached to the affidavit asserting its existence or otherwise placed of record to provide a basis for rendition of summary judgment. *Puga v. Donna Fruit Co.*, 634 S.W.2d 677, 680 (Tex.1982). The record clearly demonstrates that the trial court at some point granted State Farm leave to file the summary judgment evidence.

■ The issue we must resolve is whether the trial court granted summary judgment before State Farm filed the sum-

mary judgment evidence. Withrow contends that when the trial court noted on the docket sheet that State Farm's summary judgment motion was granted and instructed the clerk to notify the parties of the judgment, the court, in effect, granted the motion for summary judgment without any supporting evidence. We do not agree. We find that the trial court granted the summary judgment when it signed the order granting State Farm's motion on March 27, 1997.

A judgment is rendered when the trial court officially announces its decision in open court or by written memorandum filed with the clerk. *S & A Restaurant Corp. v. Leal*, 892 S.W.2d 855, 857–58 (Tex.1995). Rendition is a present act, either by spoken word or by signed memorandum, which resolves the issues upon which the ruling is made. *In re Bland*, 960 S.W.2d 123, 124 (Tex.App.-Houston [1st Dist.] 1997, orig. proceeding). An entry in the court's docket does not constitute a written order or judgment. *See Smith v. McCorkle*, 895 S.W.2d 692 (Tex. 1995). We find that the docket entry and the telephone call here did not constitute the rendition of judgment. A written order was not signed, nor was a pronouncement made in open court, until the trial court signed the order granting summary judgment on May 27, 1997. The motion for leave to file the affidavit was filed before the rendition of the summary judgment and, thus, the trial court had the policy before it when it rendered judgment. Accordingly, we reject Withrow's argument that the trial court did not have any evidence supporting State Farm's summary judgment motion.

Withrow also argues that, even if State Farm filed its motion for leave to file the affidavit before the rendition of the judgment, the policy and affidavit were not filed after leave was granted. Specifically, she contends that State Farm was required to file the policy and business records affidavit only after leave was granted. Filing the documents with the motion, she

argues, was improper. Withrow cites no authority to support this proposition. We find that State Farm properly filed the policy and the affidavit by attaching them to the motion for leave to file the affidavit.

Withrow also contends she was not given notice of the hearing or submission of State Farm's motion for leave. Based on her previous assumptions, she argues that State Farm's summary judgment motion was submitted on January 20, 1997, and decided on February 4, 1997, the date of the docket entry. She then asserts that, after State Farm filed its motion for leave, the trial court submitted the motion for summary judgment once more, on May 5, 1997, without giving her notice. The basis for her argument is that a docket entry on May 5, 1997, indicates State Farm's motion for summary judgment was reconsidered and summary judgment was then granted. Having concluded that the trial court did not render judgment on February 4, 1997, we find State Farm's motion for summary judgment was submitted to the trial court only once.

Withrow's contention that she did not receive notice of the hearing on State Farm's motion for leave is without merit as well. In her motion for new trial, she filed an affidavit stating she had no notice of the hearing. In its response to her motion, State Farm responded and attached a letter sent from its attorney to the court administrator and Withrow. The letter requested setting the hearing on its motion for April 28, 1997, at the same time as Withrow's motion for reconsideration. State Farm also included an affidavit by its attorney and a return receipt showing that Withrow received the letter of notification. Finally, State Farm attached a letter Withrow's attorney sent to the court administrator requesting a hearing for her motion to reconsider on April 28, 1997.

When a copy of a letter requesting a specific date for trial or hearing is sent to the opposing party, the letter sufficiently informs the opposing party, putting

them on notice. *Longoria v. United Blood Servs.*, 907 S.W.2d at 610. Whether to grant or deny a motion for new trial lies within the sound discretion of the trial court, and the court's decision will not be disturbed absent a clear abuse of discretion. *Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex.1983). The trial court did not abuse its discretion in denying Withrow's motion for new trial. The trial court could have found that Withrow had sufficient notice of the hearing on State Farm's motion for leave.

Next, Withrow attacks the substance of State Farm's motion for summary judgment. She contends that the trial court erred by granting summary judgment on the ground that her own pleadings negated her causes of action. In her first amended petition, Withrow asserted that any inconsistent pleadings were made pursuant to Tex.R. Civ. P. 48. The petition included a statement of facts against the builder, the engineer, and State Farm. Withrow contends that she asserted alternative factual assertions to support her claims against all three defendants. Because she pleaded alternative facts, she argues, the trial court could not grant summary judgment in favor of State Farm based on a factual assertion made against another defendant.

State Farm contends that Withrow pleaded herself out of court. Her pleadings, State Farm contends, are judicial admissions and, as such, can be considered as summary judgment evidence showing that no valid claim existed as a matter of law.

■ Generally speaking, pleadings do not constitute competent summary judgment evidence. *Washington v. City of Houston*, 874 S.W.2d 791, 794 (Tex.App.-Texarkana 1994, no writ). Nevertheless, a party may defeat her own cause of action by pleading facts that affirmatively negate her claims. *Texas Dep't of Corrections v. Herring*, 513 S.W.2d 6, 9 (Tex.1974); *Washington v. City of Houston*, 874 S.W.2d at 794. Summary judgment on the pleadings is proper if the facts alleged

establish the absence of a right of action or create an insurmountable barrier to recovery. *Winograd v. Clear Lake City Water Auth.*, 654 S.W.2d 862, 863 (Tex.App.-Houston [14th Dist.] 1983, writ ref'd n.r.e.). Pleadings may be used as summary judgment evidence when they contain statements rising to the level of admitting a fact or conclusion which is directly adverse to that party's theory or defense of recovery. *Judwin Properties, Inc. v. Griggs and Harrison*, 911 S.W.2d 498, 504 (Tex. App.-Houston [1st Dist.] 1995, no writ).

■ Assertions of fact in the live pleadings of a party not pleaded in the alternative are regarded as formal judicial admissions and, as such, are conclusively established without the necessity of other evidence. *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex.1983); *Galvan v. Public Util. Bd.*, 778 S.W.2d 580, 583 (Tex.App.-Corpus Christi 1989, no writ). A judicial admission must be a clear, deliberate, and unequivocal statement. *Regency Advantage Ltd. Partnership v. Bingo Idea–Watauga, Inc.*, 936 S.W.2d 275, 278 (Tex.1996).

■ We disagree that Withrow pleaded inconsistent facts. We find the facts alleged affirmatively negate her cause of action against State Farm. Withrow sued her builder, alleging that it failed to inspect the soil, obtain a proper foundation design, and build a proper foundation, and as a result, her home suffered substantial movement as a result of soil settling, swelling, and subsurface movement. Withrow also sued the engineering firm that designed the foundation, alleging that its work and services were not performed properly, and as a result, her home had a defective foundation. Finally, she sued State Farm, alleging that her "claim for *foundation coverage* has not been fully honored and as such, has been effectively denied" (emphasis added). She alleged that the denial of her claim was a breach of contract, a breach of a duty of good faith and fair dealing, and negligence.

The factual allegations in her petition are not inconsistent, and they constitute judicial admissions. The theory of recovery against each defendant is different, but each theory centers around the foundation damage to her home. No other factual allegation exists in her amended petition or any other document filed with the trial court that indicates State Farm breached the contract in any other way than by denying the foundation claim.

■ Taking the allegations in Withrow's first amended petition to be true, her policy clearly excludes coverage for the foundation damages. Her policy with State Farm contains the following exclusions:

f. We do not cover loss caused by:
 (1) wear and tear, deterioration or loss caused by any quality in property that causes it to damage or destroy itself.

 . . . .

h. We do not cover loss under Coverage A (Dwelling) caused by settling, cracking, bulging, shrinkage, or expansion of foundations, walls, floors, ceilings, roof structures, walks, drives, curbs, fences, retaining walls or swimming pools.

We do cover ensuing loss caused by collapse of building or any part of the building, water damage or breakage of glass which is part of the building if the loss would otherwise be covered under this policy.

As a matter of law, State Farm was entitled to a summary judgment against Withrow on the breach of contract claim and the breach of the duty of good faith and fair dealing cause of action.[1]

Withrow's final point of error contends that State Farm's motion for summary judgment does not address her negligence claim, and as a result, the trial court erred by granting summary judgment with respect to that claim. State Farm asserts that *no simple negligence cause of action exists against an insurer*, and because Withrow's negligence cause of action is not viable, any error in granting summary judgment on that claim is harmless under Tex.R.App. P. 44.1.

■ We hold that a simple negligence cause of action does not exist in Texas when an insurer denies an insured coverage for personal loss under a policy. *See Universe Life Ins. Co. v. Giles*, 881 S.W.2d 44, 53 n. 6 (Tex.App.-Texarkana 1994), *aff'd in part, rev'd in part*, 950 S.W.2d 48 (Tex.1997). To this date, Texas has only recognized a *common law* duty of good faith and fair dealing that is separate from any cause of action for breach of the underlying insurance contract. *Universe Life Ins. Co. v. Giles*, 950 S.W.2d at 54; *Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex.1987).

■ The next question is whether a summary judgment should be reversed when the motion fails to specially address a nonviable cause of action. The Supreme Court has held that a motion for summary judgment must stand or fall on the grounds expressly presented in the motion. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex.1993). Some courts have strictly followed this rule and held that, even though the cause of action may not be viable, a party can only obtain a summary judgment on those causes of action expressly raised in the summary judgment motion. *Southwestern Clinic of Bone & Joint Diseases v. Farmers Ins. Group*, 850 S.W.2d 750, 754 (Tex. App.-Corpus Christi 1993, no writ). Other courts have allowed summary judgments

---

1. Withrow does not complain on appeal of the trial court's summary judgment on her breach of the duty of good faith and fair dealing cause of action. In fact, Withrow does not contend in her brief that she asserted a bad faith claim. However, a reading of her petition reveals that she alleged State Farm denied her claim without a reasonable basis. This language is clearly indicative that a plaintiff is seeking damages for an insurer's bad faith and unfair dealing.

on causes of action not specifically addressed in a movant's motion if reversing the summary judgment would be meaningless because the omitted cause of action is precluded as a matter of law. *See Vogel v. Travelers Indem.* Co., 966 S.W.2d 748, 754 (Tex.App.-San Antonio 1998, no pet. h.); *Chale Garza Inv., Inc. v. Madaria*, 931 S.W.2d 597, 601 (Tex.App.-San Antonio 1996, writ denied); *Bieganowski v. El Paso Med. Ctr. Joint Venture*, 848 S.W.2d 361, 362 (Tex.App.-El Paso 1993, writ denied).

We held in *Mackie v. McKenzie*, 900 S.W.2d 445, 451–52 (Tex.App.-Texarkana 1995, writ denied), that a summary judgment was proper on causes of action not specified in the motion for summary judgment, where the motion negates, as a matter of law, the causation element for all the causes of action in the plaintiff's petition. We will follow the *Vogel* and *Mackie* decisions and hold that the trial court's summary judgment on Withrow's negligence claim was proper because it was precluded as a matter of law.

The judgment of the trial court is affirmed.