NUMBER 13-06-162-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


MARY RODRIGUEZ, Appellant,


v.
 


MEMORIAL MEDICAL CENTER AND

STEVEN T. CARAWAN, M.D., Appellees.

 

On appeal from the County Court at Law No. 1 


of Calhoun County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Garza 


Memorandum Opinion by Justice Rodriguez



 On March 17, 2005, appellant, Mary Rodriguez, brought a healthcare liability
claim against appellees, Memorial Medical Center (Memorial) and Steven T.
Carawan, M.D. Appellees each filed traditional motions for summary judgment. The
trial court granted appellees' motions without stating the grounds. Rodriguez, by one
issue, contends the trial court misapplied the statute of limitations defense as it
applies to her cause of action under section 74.251(a) of the Texas Civil Practices
and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. § 74.251(a) (Vernon
2005). We affirm.

I. Background

 On December 19, 2002, Dr. Carawan performed bipolar hip replacement
surgery on Rodriguez at Memorial. Rodriguez was released from the hospital on
December 24, 2002. In January 2003, an x-ray revealed that a sponge was left in
Rodriguez's body near the area where the surgery had been performed. On February
3, 2003, Dr. Carawan performed a second surgery to remove the sponge. Plaintiff
filed suit against Memorial and Dr. Carawan on March 17, 2005, claiming appellees
were negligent. Appellees each moved for summary judgment based on the two-year
statute of limitations set out in section 74.251(a) of the civil practice and remedies
code. See id. The trial court granted summary judgment, and Rodriguez appeals.

II. Standard of Review and Applicable Law

 We review the trial court's granting of a traditional motion for summary
judgment de novo. Ortega v. City Nat'l Bank, 97 S.W.3d 765, 771 (Tex. App.--Corpus
Christi 2003, no pet.) (op. on reh'g). The issue on appeal is whether the movant met
the summary judgment burden by establishing that no issue of material fact exists and
that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Sw.
Elec. Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002). In determining whether
there is a genuine issue of material fact, we take as true all evidence favorable to the
nonmovant. Ortega, 97 S.W.3d at 772. "We do not disregard evidence in support of
the motion, but examine the entire record, indulging every reasonable inference and
resolving any doubts against the motion." BP Chems., Inc. v. AEP Tex. Cent. Co., 198
S.W.3d 449, 454 (Tex. App.--Corpus Christi 2006, no pet.) (citing City of Keller v.
Wilson, 168 S.W.3d 802, 824 (Tex. 2005)). 

 When a defendant moves for summary judgment on the affirmative defense of
limitations, it has the burden to conclusively establish that defense by proving the date
on which the limitations commenced. Diversicare Gen. Partner, Inc. v. Rubio, 185
S.W.3d 842, 846 (Tex. 2005) (citing Provident Life & Acc. Ins. Co. v. Knott, 128 S.W.3d
211, 220 (Tex. 2003); KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988
S.W.2d 746, 748 (Tex. 1999)). Once the movant establishes that the statute of
limitations bars the action, the nonmovant must present summary judgment proof
raising a fact issue in avoidance of the statute of limitations. KPMG Peat Marwick, 988
S.W.2d at 748. When a trial court grants the defendant's motion without specifying
the ground, we will affirm the summary judgment if any of the theories advanced are
meritorious. Branton v. Wood, 100 S.W.3d 645, 647 (Tex. App.--Corpus Christi 2003,
no pet.). 

III. Applicable Law

 The applicable statute of limitations provides:

 Notwithstanding any other law and subject to Subsection (b), no health
care liability claim may be commenced unless the action is filed within
two years from the occurrence of the breach or tort or from the date the
medical or health care treatment that is the subject of the claim or the
hospitalization for which the claim is made is completed. 


Tex. Civ. Prac. Rem. Code Ann. § 74.251(a) (Vernon 2005). Under the statute,
commencement of the limitations period is on one of three dates: (1) the occurrence
of the breach or tort, (2) the last day of the relevant course of treatment, or (3) the last
date of the relevant hospitalization. Shah v. Moss, 67 S.W.3d 836, 841 (Tex. 2001);
see Marchal v. Webb, 859 S.W.2d 408, 413 n.2 (Tex. App.--Houston [1st Dist.] 1993,
writ denied). When the date that the alleged negligence occurred is ascertainable,
limitations must begin on that date, and further inquiry into the second and third
categories is not necessary. Shah, 67 S.W.3d at 841. The plaintiff may not choose
the most favorable date that falls within the three categories. Id.; Earle v. Ratliff, 998
S.W.2d 882, 886 (Tex. 1999); Husain v. Khatib, 964 S.W.2d 918, 919 (Tex. 1998). A
party may toll the two-year limitations period for seventy-five days by giving notice of
a claim under section 74.051(c). Tex. Civ. Prac. Rem. Code Ann. § 74.051(c) (Vernon
2005). 

IV. Analysis

 Rodriguez contends that the precise date of the alleged negligence is not
ascertainable. We disagree. The date of the surgery when a sponge was left in 
Rodriguez's body, as set out in her petition, was December 19, 2002. (1) Assuming that
she timely notified appellees of her negligence suit, Rodriguez's suit should have
been filed two years and seventy-five days from December 19, 2002. See Shah, 67
S.W.3d at 841. Rodriguez filed suit on March 17, 2005. Section 74.251(a) bars her
negligence claim because the date in which the alleged negligence occurred--leaving
a sponge in her body during surgery--is ascertainable and because Rodriguez did
not file suit within two years and seventy-five days of that date. See Tex. Civ. Prac.
Rem. Code Ann. §§ 74.051(c), 74.251(a) (Vernon 2005). We conclude appellees
conclusively established that the statute of limitations bars the action and are entitled
to judgment as a matter of law. See Tex. R. Civ. P. 166a(c); Diversicare, 185 S.W.3d
at 846; Provident, 128 S.W.3d at 220; Grant, 73 S.W.3d at 215; KPMG Peat Marwick,
988 S.W.2d at 748.

 On appeal, Rodriguez asserts the trial court misapplied the statute of
limitations period. Rodriguez alleges she seeks damages not merely for the
December 19, 2002, surgery but also for the second surgery to remove the sponge
that was performed on February 3, 2005. However, nowhere in her response to
appellee's motion for summary judgment did Rodriguez claim that there was
negligence during the second surgery. Rodriguez may not raise issues on appeal
as grounds for reversal which are "not expressly presented to the trial court by written
motion, answer or other response." Tex. R. Civ. P. 166a(c); City of Houston v. Clear
Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). Moreover, even had she raised
the issue in the trial court, her summary judgment evidence did not raise an issue of
material fact regarding negligence during the second surgery. See KPMG Peat
Marwick, 988 S.W.2d at 748. In fact, the evidence presented by Rodriguez shows that
she was satisfied with Dr. Carawan's removal of the sponge. During deposition she
stated, "Yes, he [Dr. Carawan] removed it [the sponge] very well." 

 After taking as true all evidence favorable to Rodriguez, and indulging every
reasonable inference and resolving any doubts in her favor, without disregarding
evidence supporting the motion, we conclude that Rodriguez did not raise a material
fact issue in avoidance of the statute of limitations. See KPMG Peat Marwick, 988
S.W.2d at 748; BP Chems., 198 S.W.3d at 454; Ortega, 97 S.W.3d at 772. We
overrule Rodriguez's sole issue. 

V. Conclusion

 We affirm the judgment of the trial court. 

 

 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and 

filed this 20th day of November, 2007.
1. Even though pleadings, as a general rule, do not qualify as competent summary judgment
proof, see Laidlaw Waste Sys. v. City of Wilmer, 904 S.W.2d 656, 660 (Tex. 1995), they may constitute
summary judgment evidence when they contain statements rising to the level of admitting a fact. See
Withrow v. State Farm Lloyds, 990 S.W.2d 432, 436 (Tex. App.--Texarkana 1999, pet. denied). We note
that the dates pleaded in Rodriguez's petition filed on March 17, 2005, establish that the surgery where
the sponge was left in her body undisputedly occurred on December 19, 2002. See Holy Cross Church
of God in Christ v. Wolf, 44 S.W.3d 562, 568 (Tex. 2001) ("Assertions of fact, not plead in the alternative,
in the live pleadings of a party are regarded as formal judicial admissions" (quoting Houston First Am.
Sav. v. Musick, 650 S.W.2d 764, 767 (Tex. 1983))). A plaintiff's petition is properly considered on
defendant's motion for summary judgment insofar as facts alleged in the pleadings constitute judicial
admissions and therefore waive the requirement of any proof of those facts because of their binding
effect. See Withrow, 990 S.W.2d at 436; Galvan v. Pub. Utils. Bd., 778 S.W.2d 580, 583 (Tex.
App.--Corpus Christi 1989, no writ).