**Affirm in part; Reverse and Remand in part; Opinion Filed February 3, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-12-01012- CV

_____

**JONATHAN BAILEY, INDIVIDUALLY, JONATHAN BAILEY DESIGN, LLC, JONATHAN BAILEY ASSOCIATES INTERNATIONAL COMPANIES, LLC INDIVIDUALLY AND IN ITS CAPACITY AS GENERAL PARTNER FOR BOTH JONATHAN BAILEY ASSOCIATES INTERNATIONAL, LTD. AND JONATHAN BAILEY ASSOCIATES, LTD., Appellants**
**V.**
**BOKA POWELL, LLC, Appellee**

---

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 11-09144**

---

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice Evans

Jonathan Bailey, Jonathan Bailey Design, LLC, and Jonathan Bailey Associates International Companies, LLC, on its own behalf and in its capacity as general partner for both Jonathan Bailey Associates International and Jonathan Bailey Associates, Ltd., appeal from the trial court's final summary judgment that they take nothing on their claims against Boka Powell, LLC. In a single issue, appellants argue that the trial court erred in granting summary judgment because appellee: (1) failed to submit competent summary judgment proof; (2) did not address appellants' live pleading; (3) failed to prove when appellants' tortious interference claims accrued and did not negate the discovery rule or fraudulent concealment; and (4) did not negate

an element of each of appellants' claims against it. For the reasons that follow, we reverse in part and affirm in part the trial court's judgment. We remand the cause to the trial court for further proceedings consistent with this opinion.

## BACKGROUND

Appellants and appellee are both architectural design firms.[1] Appellants have particular expertise in constructing health care facilities. The present dispute arose after Thomas Dwyer, a former founding officer and employee of appellants, resigned and accepted a position with appellee. According to appellants, several months before Dwyer left their employment, he began funneling projects away from them and for his own benefit. One of these projects, known as the Texarkana Project, involved the construction and development of a hospital facility along with a mixed-use medical and retail center. Appellants assert that appellee was not only aware of Dwyer's actions and the Texarkana Project, but also worked with Dwyer in an attempt to purchase from appellants a portion of their health care business. Notably, appellants assert that the Texarkana Project was not included in the purchase offer. Appellants contend that after they rejected the offer, appellee hired Dwyer and sought to recruit several of appellants' employees and "get after" the Texarkana Project. Appellants allege that by July 2009, Dwyer and appellee had solicited at least three of appellants' previous clients.

On July 25, 2011, appellants filed this lawsuit against various defendants, including appellee, alleging Dwyer committed fraud and breached his fiduciary duties to appellants. Appellants asserted claims against appellee for (1) conspiracy and/or aiding and abetting

---

[1] Jonathan Bailey Associates International, Ltd. is a limited partner of Jonathan Bailey Associates, Ltd. Jonathan Bailey Associates International Companies, LLC is the general partner of both Jonathan Bailey Associates, Ltd. and Jonathan Bailey Associates International, Ltd. and the umbrella company under which it, Jonathan Bailey Associates and Jonathan Bailey Associates International operated. Jonathan Bailey Design, LLC had an exclusive contract to provide design services to Jonathan Bailey Associates. Jonathan Bailey is the sole member of Jonathan Bailey Design, as well as principal architect and CEO of Jonathan Bailey Associates. Reference to appellants includes all entities unless context requires otherwise.

Dwyer's and others' breaches of fiduciary duty, (2) aiding and abetting Dwyer's fraud, (3) vicarious liability for Dwyer's acts, (4) tortious interference with contracts, and (5) tortious interference with existing and prospective business relationships. In their live pleading, appellants also pleaded the discovery rule and asserted Dwyer's and others' fraudulent concealment deferred the accrual of each of their causes of action such that all their claims were filed timely.

Appellee moved for a traditional summary judgment on all of the claims against it. Specifically, it asserted it was entitled to summary judgment because: "(1) limitations have run, (2) there were no intentional acts of interference, (3) [appellants] did not rely on any statement by Dwyer, (4) there were no alleged acts by Dwyer as an employee of [appellee], and (5) [appellee's] attempt to purchase part of JBA was an above-the-board, arms-length negotiation." The trial court granted summary judgment in an order that does not specify the grounds on which it was based. The trial court severed the claims disposed of in the summary judgment order from the remainder of the lawsuit making it a final judgment for purposes of this appeal.

## ANALYSIS

We review a trial court's summary judgment de novo. *See Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). The party moving for a traditional summary judgment has the burden of establishing there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c). In conducting our summary judgment review, we consider all the evidence in the light most favorable to the non-movant, indulging all reasonable inferences in its favor. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985).

–3–

*A. Limitations*

In its motion for summary judgment, appellee argued limitations barred appellants' tortious interference claims because more than two years had elapsed since the conduct complained of had occurred. A defendant is entitled to summary judgment on the affirmative defense of limitations when it: (1) proves conclusively when the cause of action accrued; and (2) negates the discovery rule, if pleaded and applicable, by proving as a matter of law there is no genuine issues of material fact about when the plaintiff discovered, or in the exercise of reasonable diligence should have discovered, the nature of its injury. *See KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999).

At oral argument, appellants conceded that the trial court properly granted summary judgment on its tortious interference claims based on limitations. Accordingly, we affirm the trial court's judgment dismissing with prejudice appellants' claims of tortious interference with contract and tortious interference with existing and prospective business relationships without further discussion.

For the first time on appeal, however, appellee argues that limitations bars not only the tortious interference claims but also all of the other claims against it. Appellants respond that because appellee asserted limitations as a ground for summary judgment only with respect to its tortious interference claims, that ground cannot support the trial court's summary judgment on the remaining claims. We agree with appellants. Although appellee's summary judgment motion contains a conclusory statement in its introductory section that summary judgment was proper on each of the claims against it "because (1) limitations have run," the only causes of action specifically addressed or discussed in the argument section were those involving tortious interference.

Appellee contends that even if the trial court erred in granting summary judgment on these claims, we cannot reverse the trial court's judgment unless appellants establish the error "probably caused the rendition of an improper judgment." *See* TEX. R. APP. P. 44.1(a). Relying on *G & H Towing Company v. Magee*, appellee specifically argues that because the remaining claims are also barred by limitations as a matter of law, we must affirm the trial court's judgment. *See id.* at 44.1(a)(1); *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297–98 (Tex. 2011).

In *Magee*, the Texas Supreme Court applied the harmless error rule of 44.1(a) to uphold the trial court's summary judgment on a vicarious liability claim for negligent entrustment although the claim was not expressly addressed in the written summary judgment motion. *Magee*, 347 S.W.3d at 297–98. The Court concluded the trial court's error was harmless because G &H Towing could not be vicariously liable for negligent entrustment when it was conclusively established that its agent did not commit the underlying tort. *Id.*

In the case before us, however, appellee argues that appellants' remaining claims are barred by limitations as a matter of law and we must therefore affirm the trial court's summary judgment even if this ground was not presented in the written motion. We disagree. Unlike *Magee,* the claims at issue here are not precluded as a matter of law by a proper summary judgment ruling with respect to another cause of action. Appellants' claims for aiding and abetting fraud, vicarious liability, and conspiracy and/or aiding and abetting breach of fiduciary duty are not derivative of the tortious interference claims and the trial court's ruling on the tortious interference claims has no effect on the remaining claims. Moreover, the underlying causes of action on which appellants' claims of aiding and abetting fraud, vicarious liability, and conspiracy and/or aiding and abetting breach of fiduciary duties are based have not yet been decided and are still pending before the trial court. We therefore decline appellee's invitation to

affirm the trial court's summary judgment on the remaining claims against appellee based on limitations.

### B. Summary Judgment Proof and Procedure

Before analyzing the propriety of the summary judgment on the remaining claims based on the grounds appellee expressly raised in its motion, we will decide one of appellants' several procedural complaints involving appellee's summary judgment evidence. We will reach appellants' remaining evidentiary and procedural arguments in our analysis of the substantive arguments to the extent necessary to reach our conclusions.

In support of its motion for summary judgment, appellee attached the affidavit of its attorney averring the items attached to the affidavit were true and correct copies of: (1) appellants' original and second amended petitions; (2) appellants' responses to appellee's first set of interrogatories, request for production of documents, and request for disclosure; (3) co-defendant Dwyer's responses to certain interrogatories and request for production of documents; and (4) appellee's responses to appellants' interrogatories and document requests.

We begin with appellants' contention that pleadings are not competent summary judgment proof. Although pleadings do not generally constitute competent summary judgment evidence, a party may defeat its own claims by pleading facts that affirmatively negate its claims. *See Withrow v. State Farm Lloyds*, 990 S.W.2d 432, 436 (Tex. App.—Texarkana 1999, pet. denied). Summary judgment on the pleadings is also proper when the alleged facts establish the absence of a right of action or an insurmountable barrier to recovery. *Id*. And pleadings may be used as summary judgment evidence when they contain statements that admit a fact or conclusion directly adverse to the party's claim or defense. *Id*. Thus, appellants' argument, without more, is not a basis to reverse the trial court's summary judgment.

Appellants next contend that, except for its original petition and discovery responses, the trial court should have stricken all of appellee's summary judgment evidence because appellee's counsel's affidavit did not set forth the requisite personal knowledge sufficient to authenticate the materials attached. Additionally, appellants assert appellee could not use its own or Dwyer's answers to interrogatories to support summary judgment. Finally, they argue appellee's failure to amend its motion to address their third amended petition requires reversal. We consider these procedural arguments, as necessary, in our analysis of whether appellee was entitled to summary judgment on the remaining causes of action.

### C. Aiding and Abetting Dwyer's Fraud

Appellee moved for summary judgment on the aiding and abetting fraud claim against it on the ground that appellants did not rely on Dwyer's alleged misrepresentations. Appellee reasoned that because the underlying fraud claim against Dwyer necessarily fails on this ground, so too must the aiding and abetting fraud claim against it. Specifically, appellee asserts that for the fraud claims to be actionable, appellants must allege they relied on Dwyer's misrepresentations and then sold all or part of their business to appellee as a result of the reliance.

The underlying fraud claim against Dwyer was not disposed of at the time of appellee's summary judgment motion and is not before us now due to the severance of the claims resolved by the trial court's summary judgment order. Moreover, appellee's motion for summary judgment on this claim exclusively addressed the allegations in appellants' second amended petition and did not address appellants' new allegations in their third amended petition. Appellee's motion for summary judgment undertook to prove there was no fact issue regarding reliance because appellants never entered into a sale of the business at all, let alone at a drastically reduced price based on reliance on misrepresentations about the financial condition of

various parties as alleged in the second amended petition. Appellants' new allegations in the third amended petition, however, were that Dwyer and others made material misrepresentations about "their legal and/or equitable duties and business, corporate and/or employment relationship" upon which appellants relied and that appellee had knowledge of and assisted Dwyer's and the others' fraud. Appellants pleaded in their third amended petition that the result of the conduct of which they complained was the loss of both personnel and projects ultimately causing the business to close its Dallas operations and damaging its reputation. Appellee's traditional motion for summary judgment simply did not address or disprove these allegations of reliance resulting in these types of damages and thus failed to establish appellee's entitlement to summary judgment.

### D. Vicarious Liability

Appellee argued it was entitled to summary judgment on the vicarious liability claim because in their second amended petition appellants failed to allege any act by Dwyer after he became an employee of appellee which appellee contended occurred in November 2007. In their third amended petition, however, appellants alleged that in April 2008, after Dwyer became an employee of appellee, appellee and Dwyer formed a company for the purpose of targeting a specific subset of appellants' clients. They also alleged that after resigning from his employment with appellants in late October of 2007, Dwyer solicited business opportunities and key personnel from appellants. Accordingly, the pleadings and evidence before the trial court did not establish appellee's entitlement to judgment as a matter of law on the vicarious liability claim pleaded in the third amended petition.

### E. Conspiracy and/or Aiding and Abetting Breach of Fiduciary Duty

In its summary judgment motion, appellee argued the evidence conclusively established that it openly negotiated with appellants to acquire certain projects but, ultimately, did not

purchase appellants' health care design business. Appellee contends this evidence precludes appellants from asserting damages from any alleged breach of fiduciary duties of Dwyer or the other defendants. Contrary to appellee's position, appellee's failure to consummate the sale does not preclude this claim as a matter of law. These claims are not solely based on the attempted sale. In their third amended petition, appellants allege that over thirty of their projects were detrimentally affected by Dwyer's and other's purported breaches of fiduciary duty and assert that appellee conspired with, and aided and abetted, appellees in these breaches of fiduciary duty. Moreover, appellee's summary judgment evidence detailing the negotiations and termination of the purchase offer, even assuming it was properly before the trial court, does not negate any element appellants are required to establish to prevail on these causes of action. Consequently, summary judgment on this claim was improper.

## CONCLUSION

We reverse that portion of the trial court's summary judgment dismissing with prejudice appellants' claims for aiding and abetting fraud, vicarious liability, and conspiracy/aiding and abetting breach of fiduciary duty and remand these claims to the trial court for further proceedings.

We affirm the trial court's judgment in all other respects.

/David Evans/
DAVID EVANS
JUSTICE

121012F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

JONATHAN BAILEY, INDIVIDUALLY, JONATHAN BAILEY DESIGN, LLC, JONATHAN BAILEY ASSOCIATES INTERNATIONAL COMPANIES, LLC INDIVIDUALLY AND IN ITS CAPACITY AS GENERAL PARTNER FOR BOTH JONATHAN BAILEY ASSOCIATES INTERNATIONAL, LTD. AND JONATHAN BAILEY ASSOCIATES, LTD., Appellants

No. 05-12-01012-CV          V.

BOKA POWELL, LLC, Appellee

On Appeal from the 193rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. 11-09144.
Opinion delivered by Justice Evans, Justices O'Neill and Lang-Miers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment dismissing with prejudice appellants' claims for aiding and abetting fraud, vicarious liability, and conspiracy/aiding and abetting breach of fiduciary duty. In all other respects, the trial court's judgment is **AFFIRMED**. We **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 3rd day of February, 2014.

/David Evans/
_____
DAVID EVANS
JUSTICE