

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-17-00032-CV

_____


RICHARD OWEN TAYLOR, Appellant

V.

MEDTOX DIAGNOSTIC, INC., MEDTOX SCIENTIFIC, INC., AND MEDTOX
LABORATORIES, INC., Appellees


On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 12C0709-202


Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

While serving a forty-year prison sentence, Richard Owen Taylor failed a prison-administered drug test. As a result, the Texas Department of Criminal Justice (TDCJ) demoted his prisoner status and forfeited his good time credit. Taylor thereafter filed a lawsuit against Medtox Diagnostic, Inc., Medtox Scientific, Inc., and Medtox Laboratories, Inc. (Medtox), the alleged manufacturers and distributors of the drug-testing device which revealed positive results for opiates in Taylor's system. Taylor alleged negligence claims against Medtox, as well as claims of fraudulent non-disclosure and misrepresentation. Medtox moved for summary judgment on Taylor's negligence claims, and the trial court granted the motion. On appeal, Taylor claims that the trial court erred in granting summary judgment on his claims of fraudulent non-disclosure and misrepresentation. Because the trial court's error in granting summary judgment on the entirety of Taylor's claims was harmless, we affirm the trial court's judgment.

## I. Background

Taylor was convicted of murder in January 1998 and was sentenced to forty years' imprisonment. In November 2011, Taylor failed a prison-administered drug test, having tested positive for opiates (Drug Test Offense). As a result, the TDCJ commenced disciplinary proceedings against Taylor, and a hearing was conducted. Taylor was found guilty of the Drug Test Offense and appealed the decision, claiming that the test was faulty. This appeal resulted in a finding that there was sufficient evidence to support the guilty verdict. In a further appeal, Taylor claimed that the test results were inaccurate. A review of this appeal resulted in the finding that

2

"[t]he disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence."

Having exhausted his administrative remedies, Taylor sued Medtox, claiming its testing device was faulty, among other things.[1] In his most recent petition, Taylor claimed that Medtox negligently (1) sold and distributed the drug-testing device in the absence of operating contracts, (2) shipped the drug-testing device without climate control, (3) distributed the drug-testing device without requiring TDCJ employees to satisfy the Medtox training and certification program, (4) manufactured and distributed the drug-testing device prior to completing studies regarding the efficacy and accuracy of the device and the reactivity of the device to over-the-counter medications, and (5) generated and distributed package inserts which misrepresent the efficacy and accuracy of the device. Taylor further alleged that Medtox misrepresented that the drug-testing device complied with Substance Abuse and Mental Health Services Administration (SAMHSA) standards, that it fraudulently concealed information regarding the device's true accuracy, and misrepresented the device's accuracy ratings.[2]

---

[1]Taylor's lawsuit resulting from the Drug Test Offense was initially dismissed by the trial court as frivolous. This Court affirmed the trial court's ruling dismissing the TDCJ defendants, but remanded the case to the trial court for further proceedings related to Taylor's claims against John Doe I. *See Taylor v. Grounds*, No. 06-13-00061-CV, 2013 WL 6198831, at *3 (Tex. App.—Texarkana Nov. 27, 2013, pet. denied) (mem. op.). Taylor alleged that "John Doe I" was the vendor of the drug testing kits. *Id*. Taylor filed his second amended petition in 2014, at which time he substituted Medtox Diagnostic, Inc., and Medtox Scientific, Inc., for John Does I and II, as defendants.

[2]Taylor alleged that, as a result of Medtox's negligence, he was denied release on parole; he lost 100 days' good time credit and contact visitation with family, earned privileges, and telephone calls for 180 days; and suffered economic damages of $750,000.00, as well as mental and emotional distress.

Medtox filed a motion for traditional and no-evidence summary judgment aimed solely at Taylor's negligence claims.[3]  In his response to the summary judgment motion, Taylor claimed, among other things, "Defendants filed a hybrid motion for summary judgment challenging only the negligence theories. . . . Defendants do not challenge the misrepresentation and fraud claims made against them."  Taylor further complained that the trial court was not permitted to grant summary judgment on grounds not presented in the motion.  He therefore claimed that, because the motion for summary judgment only challenged his negligence claims, Medtox was not entitled to summary judgment relief on his remaining claims of misrepresentation and fraud.  The trial court granted Medtox's motion for summary judgment, and it "ORDERED that judgment on the claims asserted in Plaintiff's Fourth Amended Petition [be] entered in favor of Defendants, and . . . that Plaintiff, Richard Taylor, take nothing on his claims."

## II.    Standard of Review

"We review a grant of summary judgment de novo."  *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013) (per curiam).  In a traditional motion for summary judgment, the movant must state specific grounds for the motion.  TEX. R. CIV. P. 166a(c).  Where the movant for a traditional summary judgment motion is a defendant, the movant must conclusively negate at least one essential element of the plaintiff's cause of action.  *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 80 (Tex. 2015).  In a no-evidence summary-judgment motion, the movant contends that no

---

[3]Although Taylor's fraud-by-nondisclosure and misrepresentation claims are not mentioned within the body of Medtox's summary judgment motion, the conclusion to the motion states, "Medtox . . . respectfully request[s] that this Court grant [its] Motion for Summary Judgment on all issues, claims, theories of recovery, and find in favor of [Medtox] on each and every one of Plaintiff's negligence claims."  Despite this rather broad conclusion, the fraudulent concealment and misrepresentation claims were not encompassed by the motion.

evidence supports one or more essential elements of a claim for which the non-movant would bear the burden of proof at trial. TEX. R. CIV. P. 166a(i). "The motion must state the elements as to which there is no evidence." *Id.* Unless the non-movant raises a genuine issue of material fact on each challenged element, the trial court must grant the motion. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam) (citing TEX. R. CIV. P. 166a(i)).[4]

## III. Analysis

Because summary judgment may only be granted on grounds expressly asserted in the summary-judgment motion, TEX. R. CIV. P. 166a(c), it is reversible error, as a general rule, to grant summary judgment on a claim not addressed in the motion. *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (per curiam). We have recognized a limited exception to this rule when a reversal of "the summary judgment would be meaningless because the omitted cause of action is precluded as a matter of law." *Withrow v. State Farm Lloyds*, 990 S.W.2d 432, 438 (Tex. App.—Texarkana 1999, pet. denied). As summarized by the Texas Supreme Court,

> Several appellate courts have recognized a limited exception to this general rule. These courts have affirmed summary judgments, even though the underlying motion omitted one of multiple causes of action, when the omitted ground was intertwined with, and precluded by, a ground addressed in the motion. *See, e.g.*, *Zarzosa v. Flynn*, 266 S.W.3d 614, 621 (Tex. App.—El Paso 2008, no pet.) (holding reversal would be meaningless because questioned recovery precluded as a matter of law); *Withrow*, [990 S.W.2d at 437–38] (same); *Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 754–55 (Tex. App.—San Antonio 1998, no pet.) (same); *Cissne v. Robertson*, 782 S.W.2d 912, 918 (Tex. App.—Dallas 1989, writ denied) (same). One authority states the exception as follows: "If the defendant has conclusively disproved an ultimate fact or element which is common to all causes of action alleged, or the unaddressed causes of action are derivative of the addressed cause of action, the summary judgment may be affirmed." TIMOTHY

---

[4]Medtox's hybrid summary-judgment motion did not challenge, under either of the above-referenced standards, Taylor's fraudulent concealment and misrepresentation claims.

PATTON, SUMMARY JUDGMENTS IN TEXAS: PRACTICE, PROCEDURE AND REVIEW § 3.06[3] at 3–20 (3d ed. 2010) (collecting cases).

*Magee*, 347 S.W.3d at 297.

In recognizing this general exception, the court held that error in granting summary judgment on a claim not addressed in a summary judgment motion is harmless "when the omitted cause of action is precluded as a matter of law by other grounds raised in the case." *Id.* at 297–98. We must, therefore, determine whether the trial court's error in granting summary judgment on grounds not addressed in the motion was harmless.[5] *See id.* In this regard, we recognize that "a very tight fit" is required "between what was proved or disproved in the motion and what elements the unaddressed claim, as it was alleged, required: otherwise, the exception could swallow the rule." *Wilson v. Davis*, 305 S.W.3d 57, 73 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (citations omitted).

To determine whether Taylor's fraud-by-nondisclosure and misrepresentation claims are precluded as a matter of law by the trial court's determination that Medtox was not negligent, we initially compare the elements of negligence and the elements of the unaddressed claims. A negligence cause of action consists of "the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *HIS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). The trial court necessarily found that one or more of

---

[5]Reversible error is error that "amounted to such a denial of the appellant's rights as was reasonably calculated to cause and probably did cause 'the rendition of an improper judgment,' or that the error 'probably prevented the appellant from properly presenting the case [on appeal].'" *Magee*, 347 S.W.3d at 297 (quoting TEX. R. APP. P. 44.1(a)).

these elements was without evidentiary support, or that Medtox conclusively negated at least one of these elements.[6] We turn next to the unaddressed claims.

## A.    Fraud by Nondisclosure

To prove a claim for fraud by nondisclosure, the claimant must prove the following elements:  (1) a failure by the defendant to disclose facts to the plaintiff, (2) a duty on the part of the defendant to disclose those facts, (3) that the facts were material, (4) that the defendant knew the plaintiff was ignorant of the facts and the plaintiff did not have an equal opportunity to discover the facts, (5) that the defendant was deliberately silent in the face of a duty to speak, (6) that by failing to disclose the facts, the defendant induced the plaintiff to take some action or refrain from acting, (7) that the plaintiff relied on the nondisclosure, and (8) that the plaintiff was injured as a result of acting without that knowledge.  *Bazon v. Munoz*, 444 S.W.3d 110, 119 (Tex. App.—San Antonio 2014, no pet.).

Taylor's fraud-by-nondisclosure claim is not derivative of the negligence claim, as was true in *Magee*.  There, the Texas Supreme Court found that the appellate court "erred in remanding the vicarious liability claim while simultaneously holding that the [co-worker] had not committed a tort."  *Magee*, 347 S.W.3d at 295.  It also does not appear that the elements of Taylor's fraud-by-nondisclosure claim are sufficiently intertwined with the elements of his negligence claim such

---

[6]Taylor, however, does not challenge the trial court's summary judgment on his negligence claims.  Taylor states, "For judicial economy and fear of a gateway being opened for abusive prisoners, Richard does not challenge the orders pertaining to his negligence claims."  Consequently, Taylor has waived his ability to challenge the evidentiary support as to the elements of his negligence claims.  *See San Jacinto River Auth. v. Duke*, 783 S.W.2d 209, 210 (Tex. 1990) (per curiam) (appellate court may not reverse summary judgment on grounds not raised in the trial court, nor presented to the appellate court).  In light of the unchallenged summary judgment on Taylor's negligence claims, we presume for purposes of our analysis that there is no evidence to support the elements of those claims.

that the non-disclosure claim is precluded. *See id.* at 297. Nevertheless, summary judgment may still be affirmed "if the grounds asserted in the motion show that the plaintiff could not recover from the defendant" on the claim that was not addressed in the summary judgment motion. *Wilson v. Korthauer*, 21 S.W.3d 573, 579 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). Accordingly, we must examine the issue of whether Taylor could recover on his non-disclosure claim against Medtox. If not, then any error in granting summary judgment on that claim is harmless under Rule 44.1 of the Texas Rules of Appellate Procedure. *See Withrow*, 990 S.W.2d at 437; *see also* TEX. R. APP. P. 44.1.

In his fourth amended petition, Taylor alleges certain facts under the heading "Facts Common to All Counts." In that section, Taylor alleges, "Defendants admit that no contractual relationship regarding the standards of operating the Sure-Screen instant drug screening device exist with the TDCJ. The evidence will show that Defendants distributed their Sure-Screen products to the TDCJ under a simple, non-stipulation sales agreement." Taylor additionally alleges,

> The Sure-Screen instant drug screening product is sold only to authorized distributors, who have customers that are group purchasing organizations, including hospitals, clinical labs, criminal justice institutions, or companies that have work place programs, or directly to such group purchasing organizations. The Sure-Screen instant drug screening product is not intended for over-the-counter sale.

Taylor's non-disclosure allegations affirmatively disprove that Medtox "induced [Taylor] to take some action or refrain from acting." *See Bazon*, 444 S.W.3d at 119. Those allegations also affirmatively disprove any reliance by Taylor on alleged fraudulent nondisclosure by Medtox regarding the accuracy and efficacy of its drug-testing device, as required to recover under Texas

8

law.[7] Taylor did not purchase the drug-testing device, and therefore, he could not have seen or read the package insert prior to the time of his drug test. Medtox thus could not have induced reliance, and Taylor could not have relied, on the information included in the package insert. Because Taylor could not have recovered from Medtox on his fraud-by-nondisclosure claim, the trial court's error in granting summary judgment on that claim was harmless.

## B.    Fraudulent Misrepresentation

The elements of a claim for fraudulent misrepresentation[8] are:    (1) a material misrepresentation made by the defendant, (2) that is false, (3) that the defendant knew was false when made, (4) that the defendant made with the intention that it be acted on by the plaintiff, (5) that the plaintiff acted in reliance on it, and (6) damages.[9]  *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 222 (Tex. 1992).  As was true with the fraud-by-nondisclosure claim,

---

[7]Taylor's allegations are judicial admissions. Accordingly, there is no genuine issue of material fact about those facts.
> Assertions of fact in live pleadings of a party not pleaded in the alternative are regarded as formal judicial admissions and are conclusively established without the necessity of other evidence. While it is a well-settled rule in summary judgment proceedings that pleadings may not constitute proof, facts alleged in those pleadings may constitute judicial admissions; judicial admissions are not proof, but waiver of proof.

*Davis v. State*, 846 S.W.2d 564, 567–68 (Tex. App.—Austin 1993, no pet.) (per curiam) (citing *Galvan v. Pub. Utils. Bd.*, 778 S.W.2d 580, 583 (Tex. App.—Corpus Christi 1989, no writ)).

[8]We cite the elements for fraudulent misrepresentation, as we do not construe Taylor's fourth amended petition to state a claim for negligent misrepresentation.

[9]As the Texas Supreme Court has stated,
> "Texas recognizes two measures of direct damages for common-law fraud:"  out-of-pocket and benefit-of-the-bargain. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 49–50 (Tex. 1998); *W.O. Bankston Nissan, Inc. v. Walters*, 754 S.W.2d 127, 128 (Tex. 1988).  Out-of-pocket damages, which derive from a restitutionary theory, measure the difference between the value of that which was parted with and the value of that which was received. *Formosa Plastics*, 960 S.W.2d at 49.  Benefit-of-the-bargain damages, which derive from an expectancy theory, evaluate the difference between the value that was represented and the value actually received.

*Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 636 (Tex. 2007).

this claim is not derivative of Taylor's negligence claim. Moreover, the elements of Taylor's misrepresentation cause of action do not appear to be sufficiently intertwined with those of his negligence claim such that the misrepresentation claim is precluded as a matter of law. *See Magee*, 347 S.W.3d at 297.

We, therefore, examine whether "the grounds asserted in the motion show that [Taylor] could not recover from [Medtox]" on his fraudulent misrepresentation cause of action. *Wilson*, 21 S.W.3d at 579. In his fourth amended petition, Taylor alleged that Medtox "misrepresented that the Sure-Screen cup device complied with SAMHSA standards" and that they misrepresented the accuracy of the Sure-Screen's testing results. These allegations are based on information included in the product's package inserts. Based on our reasoning above, we conclude that Taylor could not recover on his fraudulent misrepresentation cause of action against Medtox. Consequently, the trial court's error in granting summary judgment on that cause of action was harmless.

## IV. Conclusion

We affirm the trial court's judgment.


Ralph K. Burgess
Justice

Date Submitted:     August 17, 2017
Date Decided:      October 26, 2017